**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Robert A. Wolf, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                Chapter 7

de GRISOGONO U.S.A., Inc.
*dba* de Grisogono USA, Inc.,       Case No. 20-10389 (SMB)

        Debtor.
------------------------------------------------------------x

**TRUSTEE'S MOTION FOR ORDER (A) AUTHORIZING THE TRUSTEE TO RETROACTIVELY REJECT NONRESIDENTIAL REAL PROPERTY SUBLEASE FOR PORTION OF PREMISES LOCATED AT 698-700 MADISON AVENUE, NEW YORK, NEW YORK, AND (B) AUTHORIZING THE TRUSTEE TO ABANDON CERTAIN PERSONAL PROPERTY**

TO:  THE HONORABLE STUART M. BERNSTEIN
    UNITED STATES BANKRUPTCY JUDGE

  Deborah J. Piazza, the chapter 7 trustee (the "Trustee") of de Grisogono U.S.A., Inc. dba de Grisogono USA, Inc. (the "Debtor"), by her attorneys, Tarter Krinsky & Drogin LLP, respectfully states as follows:

**PRELIMINARY STATEMENT**

  1.  By this motion (the "Motion"), the Trustee seeks entry of an order (the "Proposed Order")[1]: (a) retroactively rejecting an unexpired nonresidential real property sublease dated as

---

[1] A copy of the Proposed Order is annexed hereto as **Exhibit "A"**.

{Client/086384/1/02031938.DOC;2 }

of February 28, 2017 (the "Sublease")² between KLG New York LLC, as sublandlord ("KLG") and the Debtor, as subtenant, for the subleased premises consisting of portion of cellar, portion of ground floor and portion of second floor at 698-700 Madison Avenue, New York, New York (the "Subleased Premises"), pursuant to section 365(a) of Title 11 of the United States Code, §§ 1101-1532, as amended (the "Bankruptcy Code"), Rules 6006(a), 6006(c), 9006(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-1, and (b) authorizing the Trustee to abandon the Debtor's estate's interest in certain personal property consisting of office furnishings, fixtures, safes, display cabinets and the like (the "Personal Property"), pursuant to Bankruptcy Code section 554(a), Bankruptcy Rule 6007, and Local Bankruptcy Rules 6007-1 and 9006-1.

2.  In the exercise of her business judgment, the Trustee wishes to reject the Sublease, and respectfully submits, as demonstrated below, that rejection of the Sublease as of the Petition Date (defined below) is warranted and appropriate under the facts set forth herein.

3.  As set forth below, the Trustee also should be authorized to abandon the Personal Property because the Personal Property is burdensome to the estate and of inconsequential value and benefit to the estate.

## JURISDICTION, VENUE AND STATUTORY BASES

4.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the order of reference, dated July 10, 1984 (Ward, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are Bankruptcy Code sections 365 and 554(a), Bankruptcy Rules 6006(a), 6006(c), 6007, 9006(c) and 9014 and Local Bankruptcy Rules 6007-1 and 9006-1.

---

² A copy of the Sublease is annexed hereto as **Exhibit "B"**.

{Client/086384/1/02031938.DOC;2}    2

## BACKGROUND

### A. General

5.    On February 10, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

6.    Shortly thereafter, the Trustee was appointed as the interim Chapter 7 trustee and is currently acting in such capacity.

7.    From approximately March 2017 through the end of January 2020, the Debtor operated a retail jewelry store at the Subleased Premises selling high end gold and diamond jewelry and watches.

8.    In approximately late January 2020, the Debtor ceased operations due to the Debtor's Swiss parent company, De Grisogono SA, having filed for creditor protection with the Swiss authorities in late January 2020.[3]

9.    Shortly after the Trustee's appointment, the Trustee, Trustee's counsel, and auctioneer, MYC & Associates, Inc., inspected the Subleased Premises, inventoried and secured the Debtor's jewelry inventory, and inspected the Debtor's Personal Property. The Trustee promptly advised the sublandlord of the imminent surrender of the Subleased Premises. The Trustee intends to turn over possession of the Subleased Premises to KLG on Tuesday, February 25, 2020.

### B. The Sublease and the Subleased Premises

10.    The term of the Sublease is March 1, 2017 through October 20, 2020. Thus, there are approximately eight (8) months remaining on the Sublease.

11.    The Sublease provides it is subject and subordinate to (i) the lease dated July 14, 2005 between 700 Madison Partners LLC, as landlord, and KLG, as tenant (the "Lease"), (ii) the

---

[3] See recent news articles annexed hereto as **Exhibit "C"**.

lease dated September 7, 2001, between Louis Martin Hubrecht, as ground lessor, and 700 Madison Partners LLC, as ground lessee (the "Ground Lease"), and (iii) all matters to which the Lease and Ground Lease are or shall be subject and subordinate. (See Sublease § 2).

12. The monthly base rent under the Sublease is $158,333.33 per month. (See Sublease, § 9 and Exhibit C).

13. The Debtor paid all rent owned through January 31, 2020.

C. **The Personal Property**

14. The Personal Property, consisting of office furnishings, fixtures, safes, display cabinets and the like, is of inconsequential benefit and value to the estate.

I. **THE SUBLEASE SHOULD BE REJECTED RETROACTIVELY**

15. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

16. Section 365(a) allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." Stewart Title Guar. Co. **v.** Old Republic Nat'l Title Co., 83 F.3d 735,741 (5th Cir. 1996) citing In re Muerexco Petroleum, Inc., 15 F.3d 60, 62 (5th Cir. 1994).

17. The Second Circuit has reaffirmed that the "business judgment" test is the proper test for the bankruptcy court to apply when faced with a request to reject a lease or executory contract. See Orion Pictures Corp. v. Showtime Networks, Inc., 4 F.3d 1095 (2nd Cir. 1993). In Orion Pictures Corp., the Second Circuit held that a bankruptcy court reviewing a "decision to assume or reject an executory contract should examine the contract and the surrounding circumstances and apply its best "business judgment" to determine if it would be beneficial or

burdensome to the estate to assume it." Id. at 1099 (citing In re Minges, 602 F.2d 38, 43). Several courts have held that this is not a very difficult standard to meet. See In re Enterprise, Inc., 163 B.R. 453 (Bankr. E.D. Pa 1994); Johnson v. Fairco Corp., 61 B.R. 317, 320 (N.D. Ill. 1986).

18. In view of the Debtor's cessation of operations, the very substantial monthly rent, the very limited amount of time remaining under the Sublease (8 months), it is in the best interests of the estate for the Trustee to reject the Sublease. Therefore, in the sound exercise of her business judgment, the Trustee respectfully moves to reject the Sublease.

19. There is a split in authority as to the effective date of rejection of an unexpired lease. In re KP Fashion Co., No. 10 CIV. 8429 NRB, 2011 WL 3806116, at *3–4 (S.D.N.Y. Aug. 29, 2011). In 1995, in In re Jamesway Corp., 179 B.R. 33, 37 (S.D.N.Y.1995), the court observed that the majority of courts faced with this issue have held that the effective date of rejection is the date of the bankruptcy court's order approving rejection, and that court approval is a condition precedent to effective rejection. See, e.g., In re Federated Department Stores, Inc., 131 B.R. 808, 814–15 (S.D.Ohio 1991) ("[T]he effective date of rejection for purposes of 11 U.S.C. § 365(d) was the date of the bankruptcy court's order approving the rejection[.]"); In re 1 Potato 2, Inc., 182 B.R. 540, 542 (Bankr.D.Minn.1995) ("[R]ejection of a lease is only effective upon court approval."). Jamesway adopted the "minority view" that "rejection is effective when the landlord receives unequivocal notice of the debtor's intent to reject, and that rejection may occur prior to issuance of the order approving rejection." Jamesway, 179 B.R. at 37 (affirming the bankruptcy court's order retroactively setting the rejection date to the last day for filing objections to the debtor's rejection motion).

20. In the years since Jamesway authorized the retroactive rejection of leases under

section 365(a), a number of courts, including in the Second Circuit, have recognized that, as a court of equity, a bankruptcy court may authorize a retroactive rejection date "when the equities demand such remediation." BP Energy Co. v. Bethlehem Steel Corp., No. 02 CIV. 6419 (NRB), 2002 WL 31548723, at *2–5 (S.D.N.Y. Nov. 15, 2002)("a bankruptcy court is not precluded as a matter of law from authorizing a rejection date which precedes the filing of objection when the equities demand such remediation."). Accord In re KP Fashion Co., No. 10 CIV. 8429 NRB, 2011 WL 3806116, at *3–4, n.7 (S.D.N.Y. Aug. 29, 2011). See, e.g., In re New Valley Corp, 2000 U.S. Dist. LEXIS 12663 at *44–46 (D.N.J. Aug. 31, 2001) (holding that the bankruptcy court below properly exercised its discretion in adjusting the effective date of rejection to the date on which the debtor vacated and the landlord exercised control over the property); In re CCI Wireless, LLC, 279 B.R. 590, 595 (Bankr.D.Colo.2002) (holding that "when principles of equity so dictate, [we] may approve a rejection of a nonresidential lease pursuant to 365(a) retroactive to the motion filing date."); In re Fleming Cos., 304 B.R. 85, 96 (Bankr.D.Del.2003) (permitting retroactivity where premises were surrendered); In re Amber's Stores, 193 B.R. 819, 827 (Bankr.N.D.Tex.1996) (same). See also Adelphia Bus. Sols., Inc. v. Abnos, 482 F.3d 602, 607 (2d Cir. 2007)("We have not ruled on the existence or scope of a bankruptcy court's equitable authority to order retroactive approval of rejection under § 365, and there is no need for us to do so here. The parties litigated this case in the district court on the assumption that such authority existed. Therefore, we will assume, without deciding, that the bankruptcy court had equitable authority to make its order retroactive.").

21.     Here, it would be equitable for the rejection to be made effective as of the Petition Date given the fact that the Debtor filed this case only eleven (11) days ago and the Trustee promptly advised the sublandlord of the imminent surrender of the Subleased Premises.

22. Based on the facts set forth herein, the Trustee requests an order rejecting the Sublease *nunc pro tunc* to the Petition Date, or, in the alternative, *nunc pro tunc* to February 25, 2020, the date on which the Subleased Premises will be surrendered to KLG.

## II. ABANDONMENT OF THE PERSONAL PROPERTY IS WARRANTED

23. By this Motion, the Trustee request authority to abandon the Personal Property.

24. Section 554(a) of the Bankruptcy Code provides:

> After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(a).

25. Section 554(a) thus requires two showings. First, the property to be abandoned must be property of the estate. 11 U.S.C. §§ 541 and 554. Second, the property to be abandoned must be burdensome or of inconsequential value or benefit to the debtor's estate. In re Grossinger's Assocs., 184 B.R. 429, 432 (Bankr. S.D.N.Y. 1995). Moreover, the trustee or debtor-in-possession is afforded significant discretion in determining the value and benefit of particular property for the purposes of the decision to abandon it. In re Interpictures Inc., 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("abandonment is in the discretion of the trustee, bounded only by that of the court"). "Courts defer to the trustee's judgment and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion." In re Slack, 290 B.R. 282, 284 (Bankr. N.J. 2003). The right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. South Chicago Disposal, Inc. v. LTV Steel Co., Inc. (In re Chateaugay Corp.), 130 B.R. 162, 166 (S.D.N.Y. 1991) (quoting In re New York Investors Mutual Group, Inc., 143 F. Supp. 51, 54 (S.D.N.Y. 1956)).

26. The Personal Property is burdensome and of no value to the Debtor's estate. The Debtor no longer has any use for the Personal Property, as it ceased operating prior to the Petition Date. The Trustee's professionals and auctioneer, who visited the Subleased Premises on two occasions, have determined the Personal Property has little value and it is not cost-effective to market and sell the Personal Property.

### THE NEED FOR SHORTENED NOTICE

27. Due to the very substantial rent under the Sublease, it is in the estate's best interest that the Trustee reject the Sublease retroactively as soon as possible.

28. Bankruptcy Rule 6006(a) provides that a proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Bankruptcy Rule 9014.

29. Pursuant to Bankrutpcy Rule 6007(a), a party in interest may file and serve an objection within 14 days of the mailing of the notice of proposed abandonment of property, or within the time fixed by the Court.

30. Local Bankruptcy Rule 9006-1(b) requires that motion papers be served at least fourteen (14) days before the return date, but also provides this Court can order otherwise with respect to the fourteen (14) day notice requirement.

31. Bankruptcy Rule 9006(c) provides this Court can shorten notice to consider a motion to assume or reject an unexpired lease pursuant to Bankruptcy Code section 365(a) and also can shorten notice to consider approval of a motion to abandon property under section 554(a) of the Bankruptcy Code. See Fed. R. Bankr. 9006(c). As such, the Trustee respectfully requests that the Court enter an order scheduling a hearing on shortened notice so that this Motion can be heard during the week of February 24, 2020.

32. Bankruptcy Rule 6006(c) provides that notice of a motion to reject an executory contract or unexpired lease shall be given to the other party to the contract or lease and to other parties-in-interest as the Court may direct.

33. Bankruptcy Rule 6007(a) requires notice of a proposed notice of abandonment or disposition of property be given to the United States Trustee and all creditors.

34. In accordance with Bankruptcy Rules 6006(c) and 6007(a), the Trustee proposes to provide notice of this Motion to (a) Office of the United States Trustee; (b) KLG; (c) parties to the Lease, (d) the Debtor; (e) all creditors, (f) all entities holding an interest in any of the Personal Property; and (g) all entities that have filed an appearance and request for service of documents as of the date hereof. The Trustee respectfully submits that such notice is adequate and sufficient notice of the Motion and the relief requested herein.

## NO PRIOR REQUEST

35. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially in the form of the proposed Order annexed hereto as Exhibit A, (a) authorizing the Trustee to reject the Sublease, pursuant to Bankruptcy Code section 365(a), *nunc pro tunc* to the Petition Date, (b) authorizing the Trustee to abandon the Personal Property pursuant to Bankruptcy Code section

554(a), and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 21, 2020

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, the Chapter 7 Trustee*

By: /s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Robert A. Wolf, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
rwolf@tarterkrinsky.com
jmakower@tarterkrinsky.com