**WARSHAW BURSTEIN, LLP**
*Attorneys for Sublandlord KLG New York LLC*
575 Lexington Avenue
New York, New York 10022
(212) 984-7700
Martin Siegel, Esq.
Slava Hazin, Esq.
msiegel@wbny.com
shazin@wbny.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re                                                                  :
                                                                           :    Chapter 7
                                                                           :
de GRISOGONO U.S.A., Inc.                               :
d/b/a de Grisogono USA, Inc.,                           :
                                                                           :    Case No. 20-10389 (SMB)
                           Debtor.                            :
-------------------------------------------------------X

**KLG NEW YORK LLC'S OBJECTION TO APPLICATION OF CHAPTER 7
TRUSTEE TO SHORTEN NOTICE FOR ORDER AUTHORIZING
TRUSTEE TO RETROACTIVELY REJECT NON-RESIDENTIAL REAL
PROPERTY SUBLEASE AND ABANDON CERTAIN PERSONAL PROPERTY**

TO:   THE HONORABLE STUART M. BERNSTEIN,
        UNITED STATES BANKRUPTCY JUDGE

KLG New York LLC ("KLG" or "Sublandlord"), by its counsel, Warshaw Burstein, LLC, objecting to the application of Deborah J. Piazza, the interim Chapter 7 Trustee ("Trustee") of de Grisogono U.S.A. Inc., d/b/a de Grisogono USA, Inc. ("Debtor" or "Tenant"), to shorten the notice for Trustee's motion authorizing the Trustee to *retroactively* reject a non-residential property sublease and to abandon certain personal property at the leased premises ("Lease Rejection Motion"), respectfully represents and sets forth as follows:

{1208243.1}

## BACKGROUND

1. The Debtor is a Swiss company, founded in 1993, that sells luxury jewelry and timepieces in boutiques worldwide.

2. On February 10, 2020, the Debtor filed a voluntary petition seeking relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Code"). Upon information and belief, the Debtor's parent company filed for bankruptcy in Switzerland.

3. Trustee was appointed the interim Chapter 7 Trustee.

4. Pursuant to a written Sublease, dated as of February 24, 2017 ("Sublease"), Tenant subleases from KLG portions of the cellar, ground floor and second floor at 698-700 Madison Avenue, New York, New York ("Subleased Premises"). A copy of the Sublease is attached as Exhibit B to the Trustee's Lease Rejection Motion. Under the Sublease, the annual rent is $1.9 million. The Sublease does not expire until October 20, 2020.

5. This firm represented KLG in negotiating the arm's-length Sublease with the Subtenant, the Debtor. The Debtor was represented in the transaction by Colliers International NY LLC, a global real estate broker and investment management firm, and The Wright Law Firm, a New York commercial real estate law firm.

6. I am advised that the rent negotiated at arms-length by the parties was far below the fair market rent at the time for such valuable and prominent storefront retail space in the heart of the historic and landmarked Madison Avenue shopping district.

7. Prior to the filing of this application, I spoke with counsel for the Chapter 7 Trustee in a good faith attempt to resolve this dispute.

8. I advised the Trustee's counsel that KLG was willing to accept the Tenant's surrender of the Sublease and take back possession of the Subleased Premises.

9. In addition, I advised counsel that KLG would be willing to file an administrative claim for unpaid rent through the date of surrender. Tenant had paid the rent though the end of January 2020.

10. Counsel for the Chapter 7 Trustee, however, rejected my proposal and instead filed the present application, seeking an Order authorizing the Trustee not only to reject the Sublease (which KLG does not oppose), but to do so *retroactively* and prior to the actual date of entry of an Order approving the rejection (which KLG opposes).

11. Notably, the Trustee's counsel filed the application late Friday, after sundown, knowing full well that KLG's principals are orthodox Jews who observe the Sabbath and would not be able to read the papers until Saturday evening and give counsel direction to oppose the motions.

## OBJECTION TO THE APPLICATION

12. KLG opposes the Trustee's application to shorten notice because KLG's counsel requires sufficient time in which to oppose the Lease Rejection Motion. In addition, the Trustee has failed to show "cause" for shortening notice.

13. The Trustee's application to reject the Sublease retroactively is a substantive motion and one that needs to be thoroughly researched and briefed.

14. Unfortunately, due to prior court-ordered commitments that I have in several other significant State and Federal Court matters, I cannot both oppose the motion <u>and</u> appear for a hearing the week of February 24th, as requested by Trustee's counsel.

{1208243.1}    3

15. As stated in the Trustee's application, Bankruptcy Rule 6007(a) states that a party in interest (and KLG is certainly an "interested party") "may file and serve an objection within <u>14 days</u> of the mailing of the notice, or within the time fixed by the court" (emphasis added).

16. While Bankruptcy Rules 9006(c) states that a Court may, in its discretion, reduce the notice period for a motion to assume/reject an unexpired lease, the movant must show "cause" for seeking such extraordinary relief.

17. Here, the Trustee merely asserts, in conclusory fashion, that the motion to reject the Sublease should be heard on shortened notice "[d]ue to the exorbitant rent under the Sublease[.]"

18. First, the rent was negotiated, and agreed upon, by sophisticated parties in an arm's length transaction, with Tenant represented by both an experienced and well-known real estate brokerage firm and real estate counsel.

19. Second, KLG has advised the Trustee's counsel that is it willing to assume possession of the Subleased Premises at any time. The only issue here is the amount of KLG's administrative claim for unpaid rent, which the Trustee unreasonably refuses to pay.

20. Moreover, the Trustee's motion to *retroactively* reject the Sublease is completely without merit.

21. As conceded in the Trustee's application, "the majority of courts faced with this issue have held that the effective date of rejection is the date of the bankruptcy court's rejection, and that court approval is a condition precedent to effective rejection."

In re KP Fashion Company, No. 10 Civ. 8429, 2011 WL 3806116 (S.D.N.Y. 2011), quoting In re Jamesway Corp., 179 B.R. 33, 37 (S.D.N.Y. 1995).

22. Notably, Jamesway represents the "minority view" that rejection is effective when the landlord receives unequivocal notice of the debtor's intent to reject and that rejection may occur prior to the order approving rejection. As there is a "split in authority," KLG's counsel requires sufficient time in which to research this significant legal issue and review the string-cite of authorities cited in the Trustee's own application to properly prepare KLG's objection to retroactive rejection of the Sublease.

23. In Jamesway, the Court departed from the majority view due because the landlord there caused the delay in the bankruptcy court's decision.

24. In stark contrast to Jamesway, here KLG, as the Sublandlord, has not done anything to delay Tenant surrender of possession. Rather, it is the Trustee who has delayed the surrender by unreasonably refusing to consent to KLG filing an administrative claim for unpaid rent through the date of surrender.

25. Significantly, in KP Fashion, the Court held that, based on the 1984 amendment to Section 365(d) of the Code, "The majority of courts agree that § 365(d)(3) now gives landlords a right to payment in the full amount of rent and other charges under the lease without showing that the amount is reasonable or of benefit to the estate," quoting In re Pudgie's Dev. of NY, Inc., 239 B.R. 688, 692 (S.D.N.Y. 1999).

## CONCLUSION

26. Based on the foregoing, the Court should deny the Trustee's application to shorten the notice for the motion to reject the Sublease.

**WHEREFORE**, KLG respectfully requests that the Court deny the application in its entirety, and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      February 24, 2020

                                        **WARSHAW BURSTEIN, LLP**
                                        Counsel to KLG New York. LLC,
                                        Debtor's sublandlord

                                        By:  s/Martin Siegel
                                               Martin Siegel (9490)
                                        575 Lexington Avenue
                                        New York, NY 10022
                                        (212) 984-7700