**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

de GRISOGONO U.S.A., Inc.
*dba* de Grisogono USA, Inc.,

Debtor.
------------------------------------------------------------x

Chapter 7

Case No. 20-10389 (SMB)

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS AND FOR A LIMITED PERIOD OF TIME TO LIQUIDATE THE DEBTOR'S JEWELRY INVENTORY**

TO: **THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE**

In support of the motion (the "**Motion**") of Deborah J. Piazza, Chapter 7 trustee (the "**Trustee**") of the estate of de Grisogono U.S.A., Inc. (the "**Debtor**"), for an order authorizing the Trustee to operate the Debtor's business pursuant to section 721 of the Bankruptcy Code on a limited basis and for a limited period of time in order to liquidate the Debtor's inventory consisting of high end gold and diamond jewelry and watches (the "**Jewelry Inventory**"), the Trustee respectfully represents and states as follows:

**GENERAL BACKGROUND**

1.  On February 10, 2020, the Debtor filed a voluntary petition for relief under

{Client/086384/1/02039844.DOCX;2 }

Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. Shortly thereafter, Deborah J. Piazza was appointed as interim chapter 7 trustee of the estate and is currently acting in such capacity.

3. From approximately March 2017 through the end of January 2020, the Debtor operated a retail jewelry store at 698-700 Madison Avenue, New York, New York (the "**Premises**") selling the Jewelry Inventory. The Debtor is known for its high-end jewelry and the unique design and quality of its products. The Trustee with the help of MYC & Associates ("**MYC**") vacated the Premises and removed the Jewelry Inventory and relocated it to Brinks, as defined below, for safekeeping. Pursuant to a separate application filed simultaneously with this Motion, the Trustee is seeking to retain MYC with respect to the marketing and sale of the Jewelry Inventory.[1]

4. In approximately late January 2020, the Debtor ceased operations due to the Debtor's Swiss parent company, De Grisogono SA, having filed for creditor protection with the Swiss authorities in late January 2020.

5. Shortly after the Trustee's appointment, the Trustee, Trustee's counsel, and MYC inspected the Premises, inventoried and secured the Debtor's Jewelry Inventory. The Jewelry Inventory at the Premises was valued at approximately 4.5 million dollars at retail and is currently being stored at Brinks Global Services, a Division of Brinks, Inc. ("**Brinks**"), 580 Fifth Avenue, New York, New York 10036, for safekeeping. Further, Brinks has obtained insurance on the Jewelry Inventory.

6. Further, at the time of the commencement of this case, the Debtor had various Jewelry Inventory on consignment at various high-end retailers, including Saks Fifth Avenue,

---

[1] Further, the sublease for the Premises has been rejected pursuant to an order of this Court dated February 28, 2020 and possession of the Premises has been turned over to the Debtor's sublandlord.

{Client/086384/1/02039844.DOCX;2 } 2

Neiman Marcus and Bergdorf Goodman (collectively, the "**Retailers**"). The Trustee has been in communication with the Retailers and has been able to determine that certain of the Retailers would like to continue with the sale of the Jewelry Inventory and others would like to return the Jewelry Inventory in their possession to the Trustee.

### SUMMARY OF RELIEF REQUESTED

7. The Trustee seeks an order of this Court pursuant to section 721 of the Bankruptcy Code to operate the Debtor's business on a limited basis and for a limited period of time in order to liquidate the Debtor's Jewelry Inventory located at Brinks and on consignment at those Retailers wishing to continue to sell the Jewelry Inventory, provided that the Jewelry Inventory is sold in excess of the Debtor's cost to the extent ascertainable. The Trustee intends to sell the Jewelry Inventory for up to a six month period of time, without prejudice to seeking further extensions of time, on a case by case basis by private sale, with or without competitive bidding, subject to the Trustee's best business judgment in order to maximize the benefit to the Debtor's estate and its creditors.

### JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

8. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. The statutory provisions governing the relief requested in this Application are 11 U.S.C. sections 721 and 105.

### BASIS FOR THE RELIEF

10. In order for the Trustee to perform her duties most effectively and maximize the value of the Debtor's estate, it will be highly beneficial for the Trustee to operate the Debtor's

business on a limited basis and for a limited time. Specifically, the Trustee seeks authority to sell the Jewelry Inventory either through (i) MYC, who will be marketing and selling the Jewelry Inventory in the Trustee's possession stored, on her behalf, at Brinks or (ii) the Retailers who have possession of the Jewelry Inventory on consignment from the Debtor. The Trustee has determined in her best business judgment the sales of the Jewelry Inventory should be done in this manner and the Trustee needs the ability to be able to sell the Jewelry Inventory on a case by case basis by private sale through MYC with respect to the Jewelry Inventory stored at Brinks and through the Retailers with respect to the consigned Jewelry Inventory, with or without competitive bidding, subject to the Trustee's best business judgment. In all cases, the Trustee will not sell the Jewelry Inventory at less than the Debtor's cost to the extent ascertainable.

11. The aforesaid protocol is contemplated in section 721 of the Bankruptcy Code, entitled "Authorization To Operate Business."

Section 721 provides:

> The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.

11 U.S.C. §721.

12. Further, section 105(a) of the Bankruptcy Code provides:

> The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title

11 U.S.C. §105(a)

13. The Court has discretion in considering requests to operate a debtor's business under section 721. In re Hessinger Res. Ltd., 67 B.R. 378, 384 (S.D. Ill).

14. Authority to operate a business in a chapter 7 proceeding is appropriate "in a limited number of situations, such as where it appears that a business could be sold for a greater price as a going concern that would be obtained in ordinary liquidation." In re AT&T Trailer, Inc., 53 B.R. 144, 147 (Bankr. D. Wyo. 1985). See also In re Lason, Inc., 300 B.R. 227, 233

(Bankr. D. Del. 2003) (recognition that liquidation in chapter 7 may occur under "forced sale" conditions or as a going concern with section 721 authority).

15. The statutory option for a chapter 7 trustee to run a debtor's business on a limited basis contemplates circumstances where preserving assets pending a future sale may result in an increased benefit to the estate as opposed to an immediate cessation of operations and piecemeal liquidation. See, e.g., In re Quarter Moon Livestock Co., 116 B.R. 775, 782 (Bankr. S. Idaho 1990) (authorizing trustee to operate debtor's cattle business "to wait until fall roundup and sell the cattle herd and to maintain livestock until that time"). Accord In re Bionol Clearfield, LLC, Case No. 11-12301 (PJW) [Docket No. 75] (granting Chapter 7 trustee's motion to operate debtor's business for limited time pursuant to §721). See also 3-721 Collier Bankruptcy Manual ¶ 721.02 ("Courts may authorize the chapter 7 trustee to operate the debtor's business on an interim basis where doing so will maximize the value of the estate and thus increase creditor recoveries.").

16. This case involves circumstances where preserving and marketing the assets pending future sales will likely result in an increase in value to the benefit of the Debtor's estate and its creditors. Additionally, permitting the Trustee to sell the Jewelry Inventory in the manner contemplated herein will enable the Trustee to have an easy and simple mechanism to sell the Jewelry Inventory at beneficial prices. In the aforesaid regard, Brinks has agreed to not only store and insure the Jewelry Inventory but will enable proposed purchasers to arrange for viewings of the Jewelry Inventory so as to facilitate the purchase of the Jewelry Inventory.[2] This will enable the Trustee and MYC to implement an appropriate procedure to liquidate the Jewelry Inventory in a coordinated and effective manner which should generate a greater recovery than a

---

[2] The storage and the insurance relating to the Jewelry Inventory was negotiated by the Trustee and MYC with Brinks. Further, MYC and the Trustee have been in touch with third parties and consignees concerning the marketing and proposed sale of the Jewelry Inventory.

bulk or auction sale of the Jewelry Inventory to industry players. It also provides a facility to protect and preserve, pending liquidation, the Jewelry Inventory located at Brinks as well as the Jewelry Inventory on consignment at the Retailers when and if the Retailers want to return any Jewelry Inventory. In any event, the Trustee will not sell any of the Jewelry Inventory for less than the Debtor's cost to extent ascertainable without further order of the Court.

17. The Trustee cannot currently predict how much time she will need to operate the Debtor's business. The Trustee respectfully requests she be given such authority for a limited period of one a six months period of time without prejudice to request further extensions in the future.

18. The Trustee will fulfill her obligations under Bankruptcy Code section 704(a)(8) by providing and filing periodic reports and summaries of the operation of the Debtor's business, including a statement of receipts and disbursements, and such other information as the U.S. Trustee and/or the Court requires. See 11 U.S.C. §704(a)(8)

### NOTICE

19. Notice of this Application will be given to: (a) the Debtor; (b) the United States Trustee; (c) all parties that have filed requests for service in this case; and (d) all creditors and parties in interest. The Trustee submits that under the circumstances, no other or further notice is required pursuant to the Bankruptcy Code or Bankruptcy Rules 6004 or 2002. Pursuant to a separate motion, the Trustee is requesting an expedited hearing with respect to the relief requested herein.

20. No previous application under section 721 has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests entry of an order of this Court, in the form annexed hereto as **Exhibit A,** authorizing the Trustee to operate the Debtor's business and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 12, 2020

        **TARTER KRINSKY & DROGIN LLP**
        *Counsel to Deborah J. Piazza,*
        *the Chapter 7 Trustee*

By:   */s/ Michael Z. Brownstein*
      Scott S. Markowitz, Esq.
      Robert A. Wolf, Esq.
      Michael Z. Brownstein, Esq.
      Jill Makower, Esq.
      1350 Broadway, 11th Floor
      New York, NY 10018
      Phone: (212) 216-8000
      Email: smarkowitz@tarterkrinsky.com
             rwolf@tarterkrinsky.com
             mbrownstein@tarterkrinsky.com
             jmakower@tarterkrinsky.com

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

de GRISOGONO U.S.A., Inc.
*dba* de Grisogono USA, Inc.,

Debtor.
------------------------------------------------------------x

Chapter 7

Case No. 20-10389 (SMB)

**ORDER AUTHORIZING THE TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS ON A LIMITED BASIS AND FOR A LIMITED PERIOD OF TIME TO LIQUIDATE THE DEBTOR'S JEWELRY INVENTORY**

Upon the motion dated March 12, 2020 (the "**Motion**")[1] of Deborah J. Piazza, Chapter 7 trustee (the "**Trustee**") of the above-captioned debtor (the "**Debtor**"), for authority pursuant to section 721 of the Bankruptcy Code to operate the Debtor's business for a limited purpose and a limited period; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion and this Order having been made; and an expedited hearing having been held before this Court on March _____, 2020 pursuant to an order shortening time for a hearing; and upon all papers and proceedings had herein; and upon the record of the hearing; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, it is hereby

**ORDERED**, that the Motion is granted and the Trustee is hereby authorized to operate the Debtor's business and sell the Debtor's Jewelry Inventory subject to the Trustee's best business judgment either through (i) MYC, who will be marketing and selling the Jewelry

---

[1] Capitalized terms not defined in this Order herein shall the meanings ascribed to them in the Motion.

{Client/086384/1/02040203.DOC;2 }

Inventory in the Trustee's possession stored, on her behalf, at Brinks or (ii) the Retailers who have possession of the Jewelry Inventory on consignment from the Debtor, on a case by case basis by private sale, with or without competitive bidding for a six month period of time, without prejudice to seeking further extensions, in all cases, for not less than the Debtor's cost to the extent ascertainable, subject to the Trustee's best business judgment; and it is further

**ORDERED**, that the sales contemplated by this Order are authorized to be implemented without further notice to creditors and parties in interest; and it is

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: New York, New York
      March _____, 2020

                                              **THE HONORABLE STUART M. BERNSTEIN**
                                              **UNITED STATES BANKRUPTCY JUDGE**