**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

               Chapter 7

de GRISOGONO, U.S.A. INC.
*dba* de Grisogono USA, Inc.,      Case No. 20-10389 (SMB)


       Debtor.
------------------------------------------------------------x

## STIPULATION REGARDING ALLOWANCE OF LATE CLAIM

   This stipulation is made and entered into by and between Deborah J. Piazza, as Chapter 7 Trustee (the "Trustee") of de Grisogono, U.S.A, Inc. d/b/a de Grisogono USA, Inc., (the "Debtor") and Jet Wave Corp. ("Jet Wave"), and together with the Trustee (collectively, the "Parties").

   WHEREAS, on February 10, 2020, the Debtor filed in this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code; and

   WHEREAS, shortly thereafter Deborah J. Piazza was appointed as interim Chapter 7 Trustee of the estate. Subsequently, Deborah J. Piazza became the permanent Trustee pursuant

{Client/086384/1/02226366.DOC;1 }

to section 702(d) of the Bankruptcy Code by operation of law and is currently acting in such capacity; and

WHEREAS, on or about February 15, 2020, the Clerk's Office mailed a "Notice of Possible Payment of Dividends and of Last Date to File Claims" (the "Claims Notice") [ECF No. 11], which fixed May 18, 2020 (the "Bar Date") as the date that creditors were required to file a claim in order to share in any distributions from the estate; and

WHEREAS, on or about October 28, 2020, Jet Wave contacted the Trustee through its representatives MYC & Associates Inc. ("MYC") asserting a prepetition unsecured claim in the aggregate amount of $1,987.14; and

WHEREAS, the Trustee's retained professionals have reviewed Jet Wave's claim and have determined that Jet Wave should have a general unsecured claim in the prepetition amount of $891.65 (the "Claim"); and

WHEREAS, Jet Wave is not reflected as a creditor in this case on (a) the Notice of Chapter 7 Bankruptcy Case [ECF No. 10]; (b) the Claims Notice; (c) the Schedules [ECF No. 2] and Statement of Financial Affairs [ECF No. 3] of the Debtor filed in this case, and therefore never received any notice of the Debtor's Chapter 7 case; and

WHEREAS, Jet Wave's communication with MYC and thereafter the Trustee's professionals is an assertion of an informal proof of claim albeit untimely; and

WHEREAS, Jet Wave's untimely assertion of an informal proof of claim should be excused due to Jet Wave's lack of receipt of notice of the Debtor's bankruptcy case; and

WHEREAS, it appears fair and equitable to the parties that Jet Wave should be afforded an allowed general unsecured clam in the amount of the Claim and participate in appropriate distributions to general unsecured creditors in this case.

NOW THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed as follows:

1. Jet Wave shall have an allowed general unsecured claim in the amount of the Claim, to wit $891.65 and shall be allowed to participate in any interim or final distributions to general unsecured creditors in this case on a ratable basis in accordance with the provisions of the Bankruptcy Code.

2. The Clerk of the Court shall reflect the allowance of the Claim on the Claims Docket in this case.

3. This Stipulation shall be binding on, and inure to the benefit of, each of the Parties hereto and their respective successors and assigns. Each of the Parties hereto represents and warrants to the other that she/he/it has due and proper authority to enter into this Stipulation and Jet Wave represents and warrants that it never received any notice from the Bankruptcy Court in connection with the Debtor's bankruptcy case.

4. This Stipulation may not be modified, changed or amended, except pursuant to a writing duly signed by all parties hereto.

5. This Stipulation may be executed by each of the Parties in counterparts, each of which shall constitute an original and all of which taken together shall constitute a single instrument. A signature delivered via facsimile or electronically shall constitute an original signature on this Stipulation.

6. This Stipulation is subject to the approval of the United States Bankruptcy Court having jurisdiction over the Debtor's chapter 7 case. The Parties acknowledge and agree the Bankruptcy Court shall have exclusive jurisdiction over this Stipulation and its implementation.

| | |
|---|---|
| Dated: New York, New York<br>November 16, 2020 | Dated: New York, New York<br>November 16, 2020 |
| **TARTER KRINSKY & DROGIN LLP**<br>*Counsel to Deborah J. Piazza, as*<br>*Chapter 7 Trustee* | JET WAVE CORP. |
| By:   s/ Michael Z. Brownstein<br>    Scott S. Markowitz, Esq.<br>    Deborah J. Piazza, Esq.<br>    Robert A. Wolf, Esq.<br>    Michael Brownstein, Esq.<br>    1350 Broadway, 11th Floor<br>    New York, New York 10018<br>    (212) 216-8000<br>    smarkowitz@tarterkrinsky.com<br>    dpiazza@tarterkrinsky.com<br>    rwolf@tarterkrinsky.com<br>    mbrownstein@tarterkrinsky.com | By:   s/ Issac Klein<br>    Issac Klein, President<br>    P.O. Box 50131<br>    Brooklyn, New York 12205 |

SO ORDERED:
this 8th day of December, 2020

**/s/ STUART M. BERNSTEIN**
**HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**