**Hearing Date: April 15, 2021**
**Hearing Time: 10:00 a.m.**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:

de GRISOGONO U.S.A. INC.,

                              Debtor.
------------------------------------------------------------x

                          **Chapter 7**

                          **Case No. 20-10389 (DSJ)**

## SUPPLEMENT TO TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE TO SURYA CAPITAL LLC CERTAIN INTELLECTUAL PROPERTY ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

**TO:    THE HONORABLE DAVID S. JONES**
       **UNITED STATES BANKRUPTCY JUDGE**

       Deborah J. Piazza, as chapter 7 trustee (the "**Trustee**") of de Grisogono U.S.A. Inc. (the

"**Debtor**"), by her undersigned counsel, Tarter Krinsky & Drogin LLP, hereby submits this

Supplement (the "**Supplement**") to the Trustee's motion (the "**Sale Motion**") pursuant to

§§105(a) and 363 of Title 11 of the United States Code, §§101-1532, as amended (the

"**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"),  for an order authorizing the Trustee to sell, free and clear of all liens, claims, and encumbrances, certain intellectual property assets of the Debtor's estate to Surya Capital LLC ("**Surya Capital**") and for related relief.

## PRELIMINARY STATEMENT

1.      This Supplement is being submitted by reason of the occurrence of certain events subsequent to the service and filing of the Sale Motion which have necessitated the amendment to the Intellectual Property Assets Purchase Agreement between the Trustee and Surya Capital (the "**Original Sale Agreement**"), which encompassed the sale of three (3) sets of intellectual property assets, to include the sale of just one of the three sets of such assets, namely the tradename de Grisogono USA, together with the appurtenant rights thereto (collectively, the "**Tradename**"), as set forth in the Tradename Purchase Agreement (the "**Tradename Agreement**") executed between the Trustee and Surya Capital, a copy of which is annexed hereto as **Exhibit 1**.  As will be discussed below, this modification of the Original Sale Agreement became necessary when the liquidator (the "**Liquidator**") of the Debtor's Swiss parent company, de Grisogono SA (the "**Swiss Parent**"), whose existence had not previously been made known to the Trustee or her undersigned Counsel, contacted Counsel after service of the Sale Motion to assert exclusive ownership and control of the other two sets of the intellectual property assets, namely the Instagram Handle for @degrisono and the URL domain name degrisogono.com, that had been the subject of the sale contemplated under the Sale Motion.

2.      Accordingly, pursuant to communications which the Trustee's Counsel had with the Liquidators and with the attorneys for Surya Capital, and in order to avoid the filing of an objection to the Sale Motion by the Liquidator, the Trustee and Surya Capital entered into the Tradename Agreement which provides for the Trustee's sale of the Tradename to Surya Capital

for the purchase price of $7,500.00, subject to the approval of this Court.

## **DISCUSSION**

3.      The Trustee's original Sale Motion sought this Court's approval of the Original Sale Agreement which had provided for the Trustee's sale to Surya Capital, for a purchase price of $45,000.00 of: (a) the Instagram Handle for @degrisono; (b) the tradename de Grisogono USA; (c) the URL domain name degrisogono.com; and (d) the goodwill of the business related to the aforesaid intellectual property assets, all artwork, labels and package designs related to the aforesaid intellectual property assets to the extent they exist, all past, present and future claims, demands and causes of action based upon the aforesaid  intellectual property assets, and all rights, consents and permissions of use or licenses related to the aforesaid intellectual property assets to the extent they exist (collectively, the "**IP Assets**").

4.      As had been true of the Trustee's service of prior papers in the Debtor's case, a copy of the Sale Motion papers was served upon, among others, the Swiss Parent. Notwithstanding such service, prior to the service of the Sale Motion, neither the Trustee nor her Counsel had ever been contacted by any liquidator or other purported representative of the Swiss Parent.  Indeed, as set forth in the Sale Motion, the only information about the Swiss Parent which the Trustee or her Counsel had been able to ascertain, after conducting due diligence, was that the Swiss Parent had been declared dissolved by a Swiss Tribunal as of June 18, 2020 (see Exhibit 2 to the Sale Motion).  Said due diligence did not indicate the appointment of any liquidator of the Swiss Parent.

5.      Only after the service of the Sale Motion was the Trustee's Counsel contacted by the Swiss Liquidator, who indicated that he had received the Sale Motion papers, that the entirety of the assets of the Swiss Parent were the subject of a contemplated sale by the Liquidator to a

third party, and that the Liquidator deemed the Instagram Handle for @degrisono and the URL

domain name degrisogono.com to be owned by the liquidation estate and thus included among

the assets of the Swiss Parent intended to be sold to the third party.  Accordingly, the Liquidator

informed the Trustee's Counsel that the Liquidator would file an objection to the Sale Motion if

the Trustee proceeded to include the aforementioned two assets in her proposed sale to Surya

Capital.  The Liquidator did indicate that he would have no objection to a sale of the Tradename

to Surya Capital, as he conceded that the liquidation estate of the Swiss Parent did not have an

ownership interest in that IP Asset.

6.      On behalf of and at the direction of the Trustee, the Trustee's Counsel proceeded

to inform Surya Capital's attorneys of the aforesaid positions of the Liquidator, pursuant to

which, after several additional communications with the Liquidator and with Surya Capitals'

attorneys, a resolution was reached whereby the Trustee and Surya Capital agreed to replace the

Original Sale Agreement with the Tradename Agreement, whereby the Trustee, subject to this

Court's approval, will sell the Tradename to Surya Capital for a purchase price of $7,500.00.

7.      In a written communication to the Trustee's Counsel dated April 8, 2021, the

Liquidator, referencing the Tradename, stated:

> The trade name (i.e. corporate name) De Grisogono USA. is not owned by
> DGSA, as it belongs to the company De Grisogono USA, Inc. (in bankruptcy).
> **Therefore, DGSA is not entitled to dispose of such tradename in the context
> of the liquidation of the Swiss bankruptcy estate and/or oppose to its sale**
> [emphasis added].

A copy of that April 8, 2021 communication is annexed hereto as **Exhibit 2.**  Moreover, it should

be noted that while all parties entitled to notice of the Sale Motion were served with same, no

objection to the Sale Motion was ever served or filed.

**WHEREFORE** the Trustee respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit 3**, authorizing the Trustee to consummate a private sale of the Tradename to Surya Capital in accordance with the terms of the Tradename Agreement annexed hereto as **Exhibit 1**, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 13, 2021

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza,*
*as Chapter 7 Trustee*


By: /s/ Robert A. Wolf
      Scott S. Markowitz, Esq.
      Deborah J. Piazza, Esq.
      Robert A. Wolf, Esq.
      Michael Brownstein, Esq.
      1350 Broadway, 11th Floor
      New York, New York 10018
      (212) 216-8000
      smarkowitz@tarterkrinsky.com
      dpiazza@tarterkrinsky.com
      rwolf@tarterkrinsky.com
      mbrownstein@tarterkrinsky.com

**EXHIBIT 1**

## <u>TRADENAME PURCHASE AGREEMENT</u>

**SELLER**: Deborah J. Piazza, as Chapter 7 Trustee of de Grisogono U.S.A., Inc. ("**Seller**"), having an office address of c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018.

**PURCHASER**: Surya Capital LLC ("**Purchaser**"), a Delaware limited liability company, having an office address of 608 Fifth Avenue, Suite 901, New York, New York 10020.

**PREAMBLE**: On March 1, 2021, Purchaser and Seller entered into an agreement to sell, assign and transfer (the "**Original Sale Agreement**") to Purchaser, subject to the prior entry by the Court of the Sale Order (both as hereinafter defined), all of the right, title and interest of the bankruptcy estate of the debtor de Grisogono U.S.A., Inc. (the "**Debtor**") in each of the following intellectual property assets:

- Instagram Handle for: @degrisogono;

- Tradename: de Grisogono USA; and

- URL/Domain Name: degrisogono.com;

together with the goodwill of the business related to said intellectual property assets, all artwork, labels and package designs related to said intellectual property assets to the extent they exist, all past, present and future claims, demands and causes of action based upon said intellectual property assets, and all rights, consents and permissions of use or licenses related to said intellectual property assets to the extent they exist (collectively, the "**Assets**") for the original price of $45,000.

The $45,000 purchase price was to be allocated (i) $30,000 for the Instagram Handle; (ii) $7,500 for the URL/Domain Name; and (iii) $7,500 for the Tradename.  Of the $45,000, $15,000 was paid as a deposit upon the execution of the Original Sale Agreement, with the balance of $30,000 to be paid upon closing subsequent to the entry of an order approving the Original Sale Agreement.

The Seller and Purchaser have been advised by the Liquidator of de Grisogono Ltd., the Debtor's Swiss parent (the "**Liquidator**"), that the Liquidator objected to the sale of the URL/Domain Name and Instagram Handle because the Liquidator believed that the ownership of the Domain Name and the Instagram Handle was vested in the Debtor's Swiss parent.  Based upon discussions had between the Seller and the Liquidator, the Liquidator has advised the Seller that it has no objection to the sale of the Tradename as defined below, and to this Tradename Purchase Agreement.  As such, the Seller and the Purchaser have entered into this Tradename Purchase Agreement which supersedes the Original Sale Agreement.

**MODIFIED SALE OF ASSETS**: Effective as of the Closing (as defined below), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and, subject to prior entry by the Court of the Sale Order, Seller shall sell, assign and transfer to Purchaser all of the right, title and interest of the bankruptcy estate of the debtor de Grisogono U.S.A., Inc. (the "**Debtor**") in and to the tradename "de Grisogono USA" together with all the

goodwill of the business associated with said tradename, all associated artwork, labels and package designs, all past, present and future claims, demands and causes of action based thereon and all rights, consents and permissions of use or licenses pertaining thereto (collectively, the "**Tradename**").

**MODIFIED PURCHASE PRICE:** $7,500.00, representing the purchase price for the Tradename.

**PURCHASER'S REFUND**:  Purchaser is entitled to a refund of $7,500 which shall be paid by check to Purchaser within ten (10) business days after the Closing, insofar as Purchaser deposited with the Seller $15,000 under the Original Sale Agreement in respect of the purchase of the Assets and the Tradename purchase price is $7,500.

**AS IS, WHERE IS:**  The Tradename is being sold "**AS IS, WHERE IS, AND WITH ALL FAULTS**" with respect to all facts, circumstances, conditions and defects and specifically and expressly without any warranties, representations or guarantees, either expressed or implied, of any kind, nature, or type whatsoever from or on behalf of Seller, and without recourse of any kind against Seller.

**SUBJECT TO BANKRUPTCY COURT ORDER**:  Closing of this transaction is subject to the entry of an Order by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") in the Debtor's bankruptcy case approving this Agreement for Seller's sale of the Tradename to Purchaser (the "**Sale Order**"), which Sale Order shall be substantially in the form annexed hereto as **Exhibit A**.

**CLOSING:**  Closing of the sale of the Assets (the "**Closing**") shall take place within five (5) business days of the earlier of the following dates: (i) the date of entry of the Sale Order, if said Order includes a provision pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure waiving the usual fourteen (14) day stay of a sale order; or (ii) the date as of which the Sale Order is not appealable.  Seller shall deliver a Bill of Sale of the Tradename to Purchaser, in substantially the form attached hereto as **Exhibit B**, at the Closing.

Dated: New York, New York
　　　April 13, 2021

/s/ Deborah J. Piazza

Deborah J. Piazza, as Chapter 7 Trustee
of de Grisogono U.S.A. Inc.

SURYA CAPITAL LLC


By: /s/ Janak Dave
　　　Janak Dave
　　　Managing Partner

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

de GRISOGONO U.S.A. INC.,

                           Debtor.

-----------------------------------------------------------x

       Chapter 7

       Case No. 20-10389 (DSJ)

## ORDER AUTHORIZING AND APPROVING THE TRUSTEE'S PRIVATE SALE TO SURYA CAPITAL LLC OF THE TRADENAME de GRISOGNO USA AND APPURTENANT RIGHTS THERETO FREE AND CLEAR OF ALL LIENS, <u>CLAIMS AND ENCUMBRANCES</u>

Upon the motion dated March 8, 2021 (the "**Sale Motion**") of Deborah J. Piazza, the chapter 7 trustee (the "**Trustee**") of de Grisogono, U.S.A., Inc. (the "**Debtor**"), pursuant to §§363(b), (f) and (m) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting entry of an order authorizing the Trustee to sell, free and clear of all liens, claims, and encumbrances ("**Liens**"), if any, certain intellectual property assets of the Debtor's estate (the "**IP Assets**") to Surya Capital LLC ("**Surya Capital**") pursuant to the terms of that certain Intellectual Property Assets Purchase Agreement (the "**Original Sale Agreement**") attached to the Sale Motion as Exhibit 1; and upon the Trustee's Supplement to the Sale Motion dated April 13, 2021 (the "**Supplement**"), pursuant to which the Trustee has advised the Court (i) as to the existence of the liquidator of de Grisogono SA, the Debtor's Swiss parent company (the "**Liquidator**"), whose existence was only recently revealed to the Trustee, (ii) as to the Liquidator's raising certain issues with respect to the sale of certain components of the IP Assets based upon the Liquidator's assertion that those components are owned by the liquidation estate of the Swiss Parent, and (iii) as to the Liquidator having no objection to the

Trustee's sale of the tradename de Grisogono USA and the rights appurtenant thereto (the "**Tradename**") pursuant to and as defined in the Tradename Purchase Agreement entered into between the Trustee and Surya Capital, annexed to the Supplement as Exhibit 1 (the "**Tradename Purchase Agreement**"), to supersede the Original Sale Agreement; and the Trustee having requested that this Court deem the relief sought by the Trustee's Sale Motion modified so as to seek approval of the Tradename Purchase Agreement and for such other and further relief as the Court may deem just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b); and sufficient notice of the relief sought in the Sale Motion having been given; and no further notice being required; and no objection to the Sale Motion nor to the relief sought by way of the Supplement having been filed or otherwise interposed by any party; and a hearing having been held on the Sale Motion as thus modified on April 15, 2021; and upon all papers and proceedings had heretofore herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Tradename Purchase Agreement is approved, and the Trustee is authorized to consummate the Tradename Purchase Agreement and sell the Tradename to Surya Capital free and clear of any and all Liens; and it is further

**ORDERED** that Surya Capital shall take the Tradename pursuant to the authority granted under this Sale Order and in accordance with the Tradename Purchase Agreement "as is, where is and with all faults", and without any representations or warranties from the Trustee as to the Tradename and without recourse of any kind as against the Trustee; and it is further

**ORDERED**, that except as expressly permitted or otherwise specifically provided by this Sale Order, all persons and entities holding interests of any kind or nature whatsoever against or in the Debtor and/or the Tradename (whether legal or equitable, secured or unsecured, matured

or unmatured, contingent or non-contingent, senior or subordinated), arising under or in connection with, or in any way relating to, the Debtor and/or the Tradename prior to the closing (the "**Closing**") of the sale of the Tradename to Surya Capital, shall be forever barred, estopped, and permanently enjoined from asserting such interests against Surya Capital, its successors or assigns, its assets, and the Tradename; and it is further

**ORDERED**, that Surya Capital shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Tradename other than those agreed to pursuant to the Tradename Purchase Agreement or this Sale Order; and it is further

**ORDERED**, upon entry of this Sale Order and the occurrence of the Closing, Surya Capital shall be entitled to the protection of Bankruptcy Code section 363(m) as a good faith purchaser; and it is further

**ORDERED**, subject to satisfaction of all of the terms and conditions of this Sale Order, the provisions of this Sale Order authorizing the sale of the Tradename free and clear of all Liens, shall be self-executing, and neither the Trustee nor Surya Capital shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order; however, Surya Capital and, until the date upon which she is discharged as Trustee, the Trustee, are hereby empowered to take, by themselves and/or by their respective agents, all actions and to execute and deliver any and all documents and instruments as may be necessary or appropriate to implement and effectuate the terms of the Tradename Purchase Agreement and this Sale Order, including the return by the Trustee to Surya Capital of the sum of $7,500 representing the amount of the deposit for the purchase of the IP Assets in excess of the Purchase Price for the Tradename with the Trustee retaining the sum of $7,500 representing the purchase price for the

Tradename in accordance with the Tradename Purchase Agreement; and it is further

**ORDERED** that the provisions of the Tradename Purchase Agreement shall supersede and amend the provisions of the Sale Agreement in all respects; and it is further

**ORDERED** that notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that no further orders of this Court are necessary to effectuate the terms set forth herein for the transactions contemplated herein; and is further

**ORDERED**, that the Court shall retain jurisdiction to enforce the provisions of this Sale Order and the Tradename Purchase Agreement and to resolve any disputes concerning this Sale Order, the distribution of the sale proceeds or the rights and duties of parties under this Sale Order or the Tradename Purchase Agreement or any other issues relating to the Tradename Purchase Agreement or this Sale Order.

Dated: New York, New York
      April _____, 2021

                                             _____
                                             **HONORABLE DAVID S. JONES**
                                             **UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT B**

## BILL OF SALE

TO ALL IT MAY CONCERN, effective April _____, 2021, be it known that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Deborah J. Piazza, as Chapter 7 Trustee of de Grisogono U.S.A., Inc., having an office address of c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, hereby sells, assigns and transfers to Surya Capital LLC, a Delaware limited liability company, having an office address of 608 Fifth Avenue, Suite 901, New York, New York 10020, all of the right, title and interest of the bankruptcy estate of the debtor de Grisogono U.S.A., Inc. in and to the tradename "de Grisogono USA" together with the goodwill of the business associated with said tradename, all associated artwork, labels and package designs, all past, present and future claims, demands and causes of action based thereon and all rights, consents and permissions of use or licenses pertaining thereto (collectively, the "**Tradename**").

Dated: New York, New York
        April _____, 2021

_____
Deborah J. Piazza, as Chapter 7 Trustee
of de Grisogono U.S.A. Inc.

**EXHIBIT 2**

# ADMINISTRATION SPÉCIALE DE LA FAILLITE DE
# DE GRISOGONO SA, EN LIQUIDATION

**Per Email only**

LES ADMINISTRATEURS SPÉCIAUX
PETER PIRKL
PP@REGOAVOCATS.CH

DOMINIQUE GROSBÉTY
DGROSBETY@BERNEYASSOCIES.COM

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018

FAO Att. Michael Z. Brownstein
mbrownstein@tarterkrinsky.com

Geneva, April 8, 2021

**RE: IP Rights belonging to De Grisogono SA (IDE CHE-108.459.035)**

Dear Colleague,

Pursuant to our email to you dated March 19, 2021, we would like to expose our position regarding the planned sale of some IP rights in relation with the bankruptcy of DE GRISOGONO USA.

## 1.   Preamble

On June 18, 2020, the Swiss company De Grisogono SA was placed in receivership. Since this date, it has been undergoing a bankruptcy procedure. The undesigned were appointed as bankruptcy Administrators appointed by the Creditors' Assembly on September 18, 2020.

Although the company's assets are now managed by the Administrators within the framework of the bankruptcy proceedings, the company still has a legal existence (as reflected on the website of the Register of Commerce, accessible at https://www.zefix.ch/), and still owns all the assets attached thereto.

As a consequence, to date, the company De Grisogono SA (en faillite) (hereafter referred to as DGSA) is still the owner of its IP rights, the same being part of the assets which the company has shown its interest in purchasing.

## 2.   IP rights of DGSA in the USA

DGSA is the owner of US trademark registration No. 2518675 for DE GRISOGONO (& device), filed on 3rd July 1997 in Class 14 :



de GRISOGONO

Administration spéciale de la faillite de DE GRISOGONO SA, EN LIQUIDATION
p.a. REGO AVOCATS
ESPLANADE DE PONT-ROUGE 4, CASE POSTALE, 1211 GENÈVE 26 - TEL : +41 22 317 79 90
WWW.REGOAVOCATS.CH

### 3.   Proposed IP assets for sale
#### 3.1/ Trade name De Grisogono USA
The company De Grisogono USA, Inc. was incorporated in the State of New York on 29th November 2000, namely more than three years after the registration of the US trademark of DGSA.

The trade name (i.e. corporate name) De Grisogono USA is not owned by DGSA, as it belongs to the company De Grisogono USA, Inc. (in bankruptcy). Therefore, DGSA is not entitled to dispose of such trade name in the context of the liquidation of the Swiss bankrupt estate and / or oppose to its sale.

**The situation regarding the ownership of the trade name De Grisogono USA is, however, independent from, and without prejudice to, the right or ability of DGSA or any purchaser of the IP rights of DGSA to exercise and use the rights deriving from the above-mentioned trademark No. 2518675, including in the USA.**

#### 3.2/ Domain name degrisogono.com
The domain name degrisogono.com is owned by DGSA and, as such, cannot be assigned or sold.

#### 3.3/ Instagram Handle for @degrisogono
Although this is not an IP right as such, the Instagram Handle for @degrisogono is currently under the care of an IT company instructed by DGSA. It can therefore not be assigned without the prior consent of the latter, nor can it be used without entering in direct conflict with the IP rights owned by DGSA worldwide.

We would very much appreciate to receive a confirmation that the items 3.2 et 3.3 above, belonging to DGSA, are withdrawn from your planned sale.

With our best regards,

j Peter Pirkl     Dominique Grosbéty

**EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

de GRISOGONO U.S.A. INC.,

Debtor.
-----------------------------------------------------------x

Chapter 7

Case No. 20-10389 (DSJ)

### ORDER AUTHORIZING AND APPROVING THE TRUSTEE'S PRIVATE SALE TO SURYA CAPITAL LLC OF THE TRADENAME de GRISOGONO USA AND APPURTENANT RIGHTS THERETO FREE AND CLEAR OF ALL LIENS, <u>CLAIMS AND ENCUMBRANCES</u>

Upon the motion dated March 8, 2021 (the "**Sale Motion**") of Deborah J. Piazza, the chapter 7 trustee (the "**Trustee**") of de Grisogono, U.S.A., Inc. (the "**Debtor**"), pursuant to §§363(b), (f) and (m) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting entry of an order authorizing the Trustee to sell, free and clear of all liens, claims, and encumbrances ("**Liens**"), if any, certain intellectual property assets of the Debtor's estate (the "**IP Assets**") to Surya Capital LLC ("**Surya Capital**") pursuant to the terms of that certain Intellectual Property Assets Purchase Agreement  (the "**Original Sale Agreement**") attached to the Sale Motion as Exhibit 1; and upon the Trustee's Supplement to the Sale Motion dated April 13, 2021 (the "**Supplement**"), pursuant to which the Trustee has advised the Court (i) as to the existence of the liquidator of de Grisogono SA, the Debtor's Swiss parent company (the "**Liquidator**"), whose existence was only recently revealed to the Trustee, (ii) as to the Liquidator's raising  certain issues with respect to the sale of certain components of the IP Assets based upon the Liquidator's assertion that those components are owned by the liquidation estate of the Swiss Parent, and (iii) as to the Liquidator having no objection to the

Trustee's sale of the tradename de Grisogono USA and the rights appurtenant thereto (the "**Tradename**") pursuant to and as defined in the Tradename Purchase Agreement entered into between the Trustee and Surya Capital, annexed to the Supplement as Exhibit 1 (the "**Tradename Purchase Agreement**"), to supersede the Original Sale Agreement; and the Trustee having requested that this Court deem the relief sought by the Trustee's Sale Motion modified so as to seek approval of the Tradename Purchase Agreement and for such other and further relief as the Court may deem just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b); and sufficient notice of the relief sought in the Sale Motion having been given; and no further notice being required; and no objection to the Sale Motion nor to the relief sought by way of the Supplement having been filed or otherwise interposed by any party; and a hearing having been held on the Sale Motion as thus modified on April 15, 2021; and upon all papers and proceedings had heretofore herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Tradename Purchase Agreement is approved, and the Trustee is authorized to consummate the Tradename Purchase Agreement and sell the Tradename to Surya Capital free and clear of any and all Liens; and it is further

**ORDERED** that Surya Capital shall take the Tradename pursuant to the authority granted under this Sale Order and in accordance with the Tradename Purchase Agreement "as is, where is and with all faults", and without any representations or warranties from the Trustee as to the Tradename and without recourse of any kind as against the Trustee; and it is further

**ORDERED**, that except as expressly permitted or otherwise specifically provided by this Sale Order, all persons and entities holding interests of any kind or nature whatsoever against or in the Debtor and/or the Tradename (whether legal or equitable, secured or unsecured, matured

or unmatured, contingent or non-contingent, senior or subordinated), arising under or in connection with, or in any way relating to, the Debtor and/or the Tradename prior to the closing (the "**Closing**") of the sale of the Tradename to Surya Capital, shall be forever barred, estopped, and permanently enjoined from asserting such interests against Surya Capital, its successors or assigns, its assets, and the Tradename; and it is further

**ORDERED**, that Surya Capital shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Tradename other than those agreed to pursuant to the Tradename Purchase Agreement or this Sale Order; and it is further

**ORDERED**, upon entry of this Sale Order and the occurrence of the Closing, Surya Capital shall be entitled to the protection of Bankruptcy Code section 363(m) as a good faith purchaser; and it is further

**ORDERED**, subject to satisfaction of all of the terms and conditions of this Sale Order, the provisions of this Sale Order authorizing the sale of the Tradename free and clear of all Liens, shall be self-executing, and neither the Trustee nor Surya Capital shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order; however, Surya Capital and, until the date upon which she is discharged as Trustee, the Trustee, are hereby empowered to take, by themselves and/or by their respective agents, all actions and to execute and deliver any and all documents and instruments as may be necessary or appropriate to implement and effectuate the terms of the Tradename Purchase Agreement and this Sale Order, including the return by the Trustee to Surya Capital of the sum of $7,500 representing the amount of the deposit for the purchase of the IP Assets in excess of the Purchase Price for the Tradename with the Trustee retaining the sum of $7,500 representing the purchase price for the

Tradename in accordance with the Tradename Purchase Agreement; and it is further

**ORDERED** that the provisions of the Tradename Purchase Agreement shall supersede and amend the provisions of the Sale Agreement in all respects; and it is further

**ORDERED** that notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry; and it is further

**ORDERED** that no further orders of this Court are necessary to effectuate the terms set forth herein for the transactions contemplated herein; and is further

**ORDERED**, that the Court shall retain jurisdiction to enforce the provisions of this Sale Order and the Tradename Purchase Agreement and to resolve any disputes concerning this Sale Order, the distribution of the sale proceeds or the rights and duties of parties under this Sale Order or the Tradename Purchase Agreement or any other issues relating to the Tradename Purchase Agreement or this Sale Order.

Dated: New York, New York
      April _____, 2021

                                 _____

                                 **HONORABLE DAVID S. JONES**
                                 **UNITED STATES BANKRUPTCY JUDGE**