**HEARING DATE: May 25, 2021**
**HEARING TIME: 10:00 A.M.**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                        Chapter 7

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,                 Case No. 20-10389 (DSJ)

                        Debtor.
------------------------------------------------------------x

**NOTICE OF HEARING ON TRUSTEE'S OBJECTION
TO CLAIM NO. 12 FILED BY ARISTA AIR CONDITIONING CORP.**

**PLEASE TAKE NOTICE**, that upon the *Trustee's Objection to Claim No. 12 Filed By Arista Air Conditioning Corp.* (the "Objection"), Deborah J. Piazza, in her capacity as Chapter 7 trustee (the "Trustee") of the estate of de Grisogono U.S.A. Inc., the above-captioned debtor (the "Debtor"), by her counsel Tarter Krinsky & Drogin LLP, will move before the Honorable David S. Jones, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 at a telephonic hearing to be held on **May 25, 2021 at 10:00 a.m**. (the "Hearing"), for an order pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, expunging Claim No. 12.

{Client/086384/1/02366969.DOCX;1 }

**PLEASE TAKE FURTHER NOTICE,** that responses to the Trustee's Objection, if any, shall: (i) be in writing; (ii) conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; (iii) be filed with the Clerk of the Bankruptcy Court with a courtesy copy delivered to the chambers of the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004; and (iv) be served upon (a) Michael Z. Brownstein, Esq., Tarter Krinsky & Drogin LLP, attorneys for the Trustee, 1350 Broadway, 11th Floor, New York, NY 10018, and (b) the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Richard C. Morrissey, Esq., so as to be filed and received on or before **May 18, 2021 at 5:00 p.m.** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE,** a written response to the Objection is only required in the event you oppose the Trustee's request to expunge Claim No. 12. If there are no written responses to the Objection on or before the Response Deadline, the Bankruptcy Court may grant the relief the Trustee has requested without a hearing and without further notice.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing will be held telephonically via Court Solutions. Participants may sign up or register at www.court-solutions.com. The Hearing

may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
April 20, 2021

          **TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

By: s/ Michael Z. Brownstein
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

                                       **HEARING DATE: May 25, 2021**
                                       **HEARING TIME: 10:00 A.M.**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                              Chapter 7

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,                    Case No. 20-10389 (DSJ)

                                     Debtor.
------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM
OF ARISTA AIR CONDITIONING CORP. (CLAIM NO. 12)**

**TO:   THE HONORABLE DAVID S. JONES
       UNITED STATES BANKRUPTCY JUDGE**

       Deborah J. Piazza, chapter 7 trustee (the "Trustee") of the estate of de Grisogono U.S.A. Inc. (the "Debtor"), the above-captioned debtor, by her counsel, Tarter Krinsky & Drogin LLP ("TKD"), hereby submits her objection to claim (the "Objection"), pursuant to which the Trustee seeks an order under section 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), expunging claim no. 12 filed by Arista Air Conditioning Corp. (the "Claim"), or deferring any

payment on the Claim until all general unsecured creditors are paid in full in accordance with section 502 of the Bankruptcy Code.[1]  In support of this Objection, the Trustee respectfully sets forth and represents:

## JURISDICTION

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§157(a) and (b), 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.  The statutory predicates for the relief sought herein are Bankruptcy Code section 502 and Bankruptcy Rule 3007(c).

2. Venue of this proceeding and this Objection is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.    GENERAL

3. On February 10, 2020 (the "Filing Date"), the Debtor filed the above-captioned case (the "Debtor's Case") under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. Shortly thereafter, Deborah J. Piazza was appointed as interim chapter 7 trustee of the estate.  She subsequently became permanent Trustee pursuant to Section 702(d) of the Bankruptcy Code and by operation of law is currently acting in such capacity.

5. From approximately March 2017 through the end of January 2020, the Debtor operated a retail jewelry store at 698-700 Madison Avenue, New York, New York.  The Debtor was known for its high-end jewelry and the unique design and quality of its products.

---

[1] The Trustee has already made an interim distribution of approximately ten (10%) percent to general unsecured creditors.  The Trustee submits that it is unrealistic to expect that general unsecured creditors will, under any circumstances, be paid in full.

{Client/086384/1/02366329.DOCX;1 }                                    2

6. As this Court is aware, and can take judicial notice of, the Trustee has filed a number of pleadings in this case in connection with, among other things, the sale of various assets of the estate which motions have been served on all creditors and parties in interest.

### B. THE CLAIM

7. R.H.K. Recovery Group, Inc. ("RHK") filed the Claim on behalf of Arista Air Conditioning Corp. ("Arista") against the Debtor's estate in the amount of $6,916.22 as a general unsecured claim. (A copy of the claim is annexed hereto, as **Exhibit 1**).

### RELIEF REQUESTED

8. By this Objection, the Trustee objects to the Claim insofar as it is tardy and therefore time barred, and requests entry of an order expunging the Claim or deferring payment on the Claim until all general unsecured claims are paid in full in accordance with § 502(b)(9) of the Bankruptcy Code.

### BASIS FOR RELIEF

9. This Objection is made pursuant to Section 502 of the Bankruptcy Code which provides, in relevant part, as follows:

> (b) …if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> > (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3), of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide,…

11 U.S.C. § 502 (b)(9).

10. By this Objection, and pursuant to section 502(b)(9) of the Bankruptcy Code, and the Bankruptcy Rules 3001 and 3007, the Trustee hereby seeks (i) to expunge the Claim, and (ii) such other and further relief as the Court deems appropriate.

## APPLICABLE LAW AND FACTS

11. The Debtor filed its bankruptcy case on February 10, 2020 and the last date to file claims pursuant to a bankruptcy court notice to file claims was sent by the Clerk of this Court (the "Notice") [ECF No. 9] which set May 18, 2020 as the last date to file claims (the "Bar Date"). (A copy of the Notice and Certificate of Mailing are annexed hereto as **Exhibit 2**.) The Claim was not filed by RHK, on behalf of Arista, until April 14, 2021, almost one year after the Bar Date (the "Arista Filing Date"). The Claim is without doubt not timely filed insofar as it did not comply with the Notice or section 502(b)(9) insofar as the Claim was filed substantially later than the Bar Date, in fact, 11 months after the Bar Date.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

13. It is clear from the Notice and the Certificate of Mailing filed by the Clerk that Arista timely received notice of the Bar Date. Further, Arista has received notice of the various motions filed by the Trustee in this case with respect to the sale of the extensive assets of this estate sold by the Trustee. The filing of the Claim by RHK, on behalf of Arista, is the first communication from Arista that the Trustee is aware of asserting its Claim against the estate.[2]

---

[2] The Debtor's Schedules [ECF No. 2] reflect Arista as a general unsecured creditor in the amount of $8,602.68, which is why the Notice and the notices relevant to the sale of assets were mailed to Arista.

14.     As set forth above, the Claim should be expunged because the Claim is tardily filed, or any payment in respect of the Claim should be deferred until all general unsecured claims in this case are paid in full in accordance with the provisions of section 502 of the Bankruptcy Code.

15.     The failure of the holder of the Claim to file a written response or appear at the hearing on the Objection to the Claim may result in the Court entering an order expunging the Claims.

16.     The Trustee reserves her right to make any future objections to the Claim and to any other proofs of claim filed in the Debtor's case on the grounds set forth herein and/or on any other appropriate grounds.

## NOTICE

17.     The Trustee is serving a copy of this Objection upon (i) RHK, (ii) Arista, (iii) the Debtor; and (iv) the Office of the United States Trustee.  The Trustee submits that such notice is proper and that no further notice is required.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Trustee respectfully requests that this Court (i) enter an order substantially in the form annexed hereto as **Exhibit 3,** expunging the Claim, and (ii) granting the Trustee such other and further relief as is just.

Dated: New York, New York
April 20, 2021

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

By: s/ Michael Z. Brownstein
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

**EXHIBIT 1**

| Fill in this information to identify the case: |
|---|
| Debtor 1: De Grisogono U.S.A. Inc. |
| Debtor 2 (Spouse, if filing): |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number: 20-10389 |


RECEIVED APR 1 4 2021 U.S BANKRUPTCY COURT SO DIST OF NEW YORK

Official Form 410

# Proof of Claim
12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Arista Air Conditioning Corp.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
R.H.K. Recovery Group, Inc.
Name
1670 Old Country Road, Suite 202
Number     Street
Plainview           NY           11803
City                State         ZIP Code

Contact phone (631) 773-4450
Contact email Richard@rhkrecoverygroup.com

Where should payments to the creditor be sent? (if different)
Name _____
Number   Street _____
City   State   ZIP Code _____
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/_____  MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                        Proof of Claim                        page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   D   E   G   R

**7. How much is the claim?**   $_____6,916.22_. Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Service performed and/or goods sold.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes.  The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                          $_____
   **Amount of the claim that is secured:**        $_____
   **Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410                                     Proof of Claim                                            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/07/2021
                  MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name:     Richard                              Klein
          First name       Middle name         Last name

Title:    President

Company:  R.H.K. Recovery Group, Inc.
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address:  1670 Old Country Road, Suite 202
          Number       Street
          Plainview                          NY         11803
          City                               State      ZIP Code

Contact phone  (631) 773-4450                Email  Richard@rhkrecoverygroup.com

Official Form 410                    Proof of Claim                              page 3



# ARISTA

| Customer Statement | | |
|---|---|---|
| Date | Amount Due | Amount Enclosed |
| 4/7/2021 | $ 6,916.22 | $ |

Please Remit To:

Arista Air Conditioning Corp.
38-26 10th Street
Long Island City, NY 11101
Phone: (718)937-1400

Jules Bellemy
DEGRISOGONO (DEGR-0001)
824 Madison Avenue
New York, NY 10065

------------------ Please detach top portion and return with your payment ------------------

| 0-30 Days | 31-60 Days Past Due | 61-90 Days Past Due | 91-120 Days Past Due | Over 120 Days Past Due | Total Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 6,916.22 | 6,916.22 |

| Invoice Number | Invoice Date | Original Amount | Current Amount | Reference Number | Reference Description |
|---|---|---|---|---|---|
| **DEGRISOGONO** | | | | | |
| SRVCE00313790 | 9/30/2019 | 806.77 | 806.77 | 190924-0038 | BLDG MANAGER HAS ISSUES WITH B |
| SRVCE00313213 | 9/30/2019 | 857.94 | 857.94 | 190611-0035 | DAIKIN AIR HANDLIER   FXMQ48M |
| SRVCE00320168 | 12/31/2019 | 868.79 | 868.79 | 191227-0034 | 1st floor area/system not cool |
| CON0081502 | 1/1/2020 | 3,941.77 | 3,941.77 | Contract 119051 | Contract 119051 |
| SRVCE00321279 | 1/23/2020 | 440.95 | 440.95 | 200116-0032 | 1st floor/extremely hot/hrs: 9 |
| **Total for DEGRISOGONO** | | **6,916.22** | **6,916.22** | | |
| **Total for DEGR-0001** | | **6,916.22** | **6,916.22** | | |

Page 1 of 1

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**One Bowling Green**
**New York, NY 10004–1408**

| | |
|---|---|
| IN RE: de GRISOGONO U.S.A. Inc. | CASE NO.: 20–10389–smb |
| dba   de Grisogono USA, Inc. | |
| Social Security/Taxpayer ID/Employer ID/Other Nos.: 13–4152668 | CHAPTER:  7 |
| | TRUSTEE: |
| | Deborah Piazza<br>Tarter Krinsky & Drogin LLP<br>1350 Broadway<br>11th Floor<br>New York, NY 10018 |
| | Telephone: (212) 216–8000 |

# NOTICE OF POSSIBLE PAYMENT OF DIVIDENDS
# AND OF LAST DATE TO FILE CLAIMS

To the creditors of the above named debtor:

As a result of the administration of the debtor's estate, a dividend to creditors now appears possible. You are hereby advised of the opportunity to file a claim in order to share in any distribution. A creditor must file a Proof of Claim whether or not the debt is included in the list of creditors filed by the debtor.

The Proof of Claim must be filed on or before May 18, 2020.

Please take further notice that if you have a Proof of Claim on file or one has been filed on your behalf, do not file again.

A Proof of Claim form has not been included with this notice but one is available online at www.uscourts.gov and on the court's website, www.nysb.uscourts.gov. All Proofs of Claim must be filed electronically on the Court's website or mailed to the court at the above address.


Dated: February 12, 2020                               Vito Genna
                                                       Clerk of the Court

United States Bankruptcy Court
Southern District of New York

In re:                                                                    Case No. 20-10389-smb
de GRISOGONO U.S.A. Inc.                                                  Chapter 7
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0208-1          User: admin              Page 1 of 2              Date Rcvd: Feb 12, 2020
                              Form ID: pdn             Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 14, 2020.
```
db              +de GRISOGONO U.S.A. Inc.,    700 Madison Avenue,    New York, NY 10065-7257
smg              N.Y. State Unemployment Insurance Fund,    P.O. Box 551,    Albany, NY  12201-0551
smg              New York City Dept. Of Finance,    345 Adams Street, 3rd Floor,
                 Attn: Legal Affairs - Devora Cohn,    Brooklyn, NY  11201-3719
smg             +United States Attorney's Office,    Southern District of New York,
                 Attention: Tax & Bankruptcy Unit,    86 Chambers Street, Third Floor,    New York, NY 10007-1825
7678806         +AMERICAN ARCHIVING & SHREDDING,    PO BOX 767,    ORANGE, NJ 07051-0767
7678807         +ARISTA AIR CONDITIONING CORP.,    38-26 TENTH STREET,    LONG ISLAND CITY, NY 11101-6179
7678808         +BATTALION PR, LLC,    307 SEVENTH AVENUE,    NEW YORK, NY 10001-6062
7678809         +COFFEE DISTRIBUTING CORP.,    200 BROADWAY,    PO BOX 766,    NEW HYDE PARK, NY 11040-0766
7678810          DE GRISOGONO - ITALY,    HOTEL DE RUSSIE, VIA DEL BABUI,    ROMA 9-00187,    ITALY
7678812          DE GRISOGONO, SA,    CHEMIN DU CHAMP DES FILLES 39E,    CH-1228 PLAN-LES-OUATES,    SWITZERLAND
7678813         +DGA SECURITY,    429 W. 53RD STREET,    NEW YORK, NY 10019-5791
7678814         +DISTINCTIVE PARKING, LLC,    35-39 EAST 61ST STREET,    NEW YORK, NY 10065-8006
7678815         +DRIESASSUR USA, LLC,    501 FIFTH AVENUE,    NEW YORK, NY 10017-6107
7678816          FEDERAL EXPRESS,    PO BOX 371461,    PITTSBURGH, PA 15250-7461
7678817          HEARST MAGAZINE,    PO BOX 25883,    LEHIGH VALLEY, PA 18002-5883
7678818         +JOHN SHIELDS DETECTIVE AGENCY,    310 FIFTH AVENUE,    6TH FLOOR,    NEW YORK, NY 10001-3605
7678819         +KLG NEW YORK LLC,    580 FIFTH AVENUE, SUITE 500,    NEW YORK, NY 10036-4727
7678820          LEAF,    PO BOX 644006,    CINCINNATI, OH 45264-4006
7678821         +LIVERPOOL CARTING CO., INC.,    5 BRUCKNER BOULEVARD,    BRONX, NY 10454-4489
7678822         +MANHATTAN FIRE & SAFETY CORP.,    242 WEST 30TH STREET,    7TH FLOOR,    NEW YORK, NY 10001-0792
7678823         +MIDTOWN INVESTIGATIONS,    44 CROWN AVENUE,    STATEN ISLAND, NY 10312-2341
7678824         +MUTUAL SECURITY,    10 W. 46TH STREET,    NEW YORK, NY 10036-4515
7678826         +O&D STUDIO, INC.,    31 WEST 47TH STREET,    SUITE 709,    NEW YORK, NY 10036-2808
7678827          OXFORD HEALTH PLANS,    PO BOX 1697,    GENERAL POST OFFICE,    NEWARK, NJ 07101-1697
7678828          PITNEY BOWES GLOBAL FINANCIAL,    PO BOX 371887,    PITTSBURGH, PA 15250-7887
7678829          THE HARTFORD,    PO BOX 660916,    DALLAS, TX 75266-0916
7678830         +THE NEW YORK TIMES,    620 8TH AVENUE,    NEW YORK, NY 10018-1604
7678831          TRAVELERS,    CL & REIMITTANCE CENTER,    PO BOX 660317,    DALLAS, TX 75266-0317
7678832         +TUVIA U.S.A. INC.,    PO BOX 300746,    JFK AIRPORT STATION,    JAMAICA, NY 11430-0746
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Feb 12 2020 19:48:42
                 New York State Tax Commission,    Bankruptcy/Special Procedures Section,    P.O. Box 5300,
                 Albany, NY  12205-0300
7678825         +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov Feb 12 2020 19:48:42
                 NYS DEPT OF TAXATION & FINANCE,    OFFICE OF COUNSEL, BUILDING 9,    W A HARRIMAN CAMPUS,
                 ALBANY, NY 12227-0001
7678833          EDI: VERIZONCOMB.COM Feb 13 2020 00:48:00      VERIZON,    PO BOX 15124,    ALBANY, NY 12212-5124
                                                                                             TOTAL: 3

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
7678811          DE GRISOGONO UK LTD.,    14A NEW BOND STREET,    LONDON W1S 3SX
                                                                                 TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 12, 2020 at the address(es) listed below:
              Deborah  Piazza    dpiazza@tarterkrinsky.com,
               sdineen@tarterkrinsky.com;N256@ecfcbis.com;dpiazza@iq7technology.com
              Deborah  Piazza    on behalf of Trustee Deborah  Piazza dpiazza@tarterkrinsky.com,
               sdineen@tarterkrinsky.com;N256@ecfcbis.com;dpiazza@iq7technology.com

```
District/off: 0208-1                  User: admin                      Page 2 of 2                  Date Rcvd: Feb 12, 2020
                                      Form ID: pdn                     Total Noticed: 32
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              Jonathan L. Flaxer    on behalf of Debtor    de GRISOGONO U.S.A. Inc. jflaxer@golenbock.com,
               courtnotifications@golenbock.com;mweinstein@golenbock.com
              United States Trustee    USTPRegion02.NYECF@USDOJ.GOV
                                                                                                      TOTAL: 4
```

**EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                     Chapter 7

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,             Case No. 20-10389 (DSJ)

                     Debtor.
------------------------------------------------------------x

# ORDER EXPUNGING CLAIM NO. 12 FILED BY ARISTA AIR CONDITIONING CORP.

Upon the Trustee's Objection to Claim (Claim of Arista Air Conditioning Corp. – ("Claim No. 12")) filed on April 14, 2021 (the "Objection"), seeking to expunge the claim filed in the Debtor's case by R.H.K. Recovery Group, Inc. ("RHK"), on behalf of Arista Air Conditioning Corp. ("Arista"); and the Court having considered the Trustee's Objection; and the Court having conducted a hearing on the Objection on _____, 2021; and good cause having been shown for the relief provided herein; and upon all papers and proceedings having been filed herein; and upon the record of the hearing; it is hereby **ORDERED** that:

1.     Claim No. 12 filed by RHK, on behalf of Arista in this case is hereby expunged.

Dated: New York, New York
            _____, 2021

                                                          THE HONORABLE DAVID S. JONES
                                                           UNITED STATES BANKRUPTCY JUDGE

{Client/086384/1/02366510.DOCX;1 }