HEARING DATE: JUNE 29, 2021 AT 10:00 A.M.
OBJECTION DATE: JUNE 22, 2021 AT 5:00 P.M.

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, NY 10118
Telephone: (212) 216-8000
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                Chapter 7

    **DE GRISOGONO U.S.A. INC.,**                          Case No. 20-10389 (DSJ)

    Debtor.
-----------------------------------------------------------------x

**NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING THE SALE OF REMNANT ASSETS OF THE DEBTOR'S
ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

    **PLEASE TAKE NOTICE** that, upon the motion dated May 28, 2021 ("Motion") of Deborah J. Piazza, the chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of the above-captioned debtor (the "Debtor"), by and through her undersigned counsel, Tarter Krinsky & Drogin LLP, the Trustee will move before the Honorable Davis S. Jones, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on June 29, 2021 at 10:00 a.m. ("Hearing"), or as soon thereafter as counsel can be heard, for an order approving the sale of Remnant Assets (as defined in the Motion) of the Debtor's Estate to Oak Point Partners, LLC ("Oak Point"), free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, Rule 6004 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004-1 of this Court.

    **PLEASE TAKE FURTHER NOTICE,** that copies of the Motion may be obtained by request made to Trustee's counsel, Robert A. Wolf, Esq. at rwolf@tarterkrinsky.com.

    **PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion shall be set forth in a writing describing the basis therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and shall be (i) filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance

{Client/086384/1/02396961.DOCX;2 }

with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-I, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York; (ii) in accordance with the individual rules of Bankruptcy Judge David S. Jones, sent by email to the Judge's Chambers (at jones.chambers@nysb.uscourts.gov) at the time of filing, or mailed to the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004; and (iii) served upon: (a) Tarter Krinsky & Drogin LLP, counsel to Deborah J. Piazza, as Chapter 7 Trustee, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Robert A. Wolf, Esq.); (b) Oak Point Partners, LLC, Attn: Janice A. Alwin, SVP and General Counsel, 5215 Old Orchard Rd., Ste. 1000, Skokie, IL 60077, janice@oakpointpartners.com; and (c) the Office of the United States Trustee, 201 Varick Street, New York, New York 10014, so that same is filed and received no later than **June 22, 2021 at 5:00 p.m.**

**PLEASE TAKE FURTHER NOTICE** that the Hearing before Bankruptcy Judge Jones will be held telephonically via Court Solutions. Participants may sign up or register at www.court-solutions.com. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

**PLEASE TAKE FURTHER NOTICE** that any party objecting to the sale requested by the Motion must appear at the Hearing. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: May 28, 2021
New York, New York

**TARTER KRINSKY & DROGIN LLP**

/s/ Robert A. Wolf
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
1350 Broadway, 11th Floor
New York, NY 10018
Telephone: (212) 216-8000
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

{Client/086384/1/02396961.DOCX;2 }

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, NY 10118
Telephone: (212) 216-8000
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                           Chapter 7

    DE GRISOGONO U.S.A. INC.,                     Case No. 20-10389 (DSJ)

    Debtor.
------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF
REMNANT ASSETS OF THE DEBTOR'S ESTATE, FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO
11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**TO THE HONORABLE DAVID S. JONES,**
**UNITED STATES BANKRUPTCY JUDGE:**

    Deborah J. Piazza, chapter 7 trustee ("**Trustee**") for the bankruptcy estate ("**Estate**") of the captioned debtor ("**Debtor**"), hereby requests the entry of an order approving the sale of the Remnant Assets (as defined below) of the Debtor's Estate to Oak Point Partners, LLC ("**Oak Point**") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and granting related relief ("**Motion**"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.    The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this

{Client/086384/1/02397042.DOCX;2 }

proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

3.     On February 10, 2020, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

4.     On or about February 11, 2020, the Trustee was appointed as chapter 7 trustee for the Debtor's Estate. She subsequently because permanent Trustee pursuant to Section 702(d) of the Bankruptcy code and by operation of law and is currently acting in such capacity.

5.     Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with the Trustee's power and duties. In this regard, the Trustee has sold, among other things, all jewelry inventory of the Estate, has collected a substantial amount of the Estate's accounts receivable, has reconciled its claim against the Bergdorf Goodman bankruptcy estate and then sold said claim for approximately $97,000, and has resolved potential preference claims. Thus, the Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's few remaining assets is realized.

6.     The Trustee has determined that there does exist property of the Debtor's Estate, and there may exist additional property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "**Remnant Assets**").

7.     The Remnant Assets specifically include (a) the security deposit held by Con

Edison in the amount of $3,380.00; (b) the security deposit held by 4 Seasons Hotel Vitrine in the amount of $4,000; (c) the anticipated refund in the amount of $20,806.51 from the U.S. Customs and Border Protection for overpayment of certain customs duties; and (d) the accounts receivable due to the Estate for merchandise purchased from the Debtor by: (i) Erica Pelosini in the amount of $7,947.88; and (ii) Golden Door V&L in the amount of $20,400.32.

8. Additionally, potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

9. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, beyond those specifically identified above, and certainly none that could return value to the Estate greater than the Purchase Price (hereafter defined) of $13,500. Accordingly, the Trustee has determined that the cost of her pursuing the Remnant Assets would likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

10. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

### The Purchase Agreement

11. The Trustee and Oak Point have negotiated in good faith and at arms' length an agreement ("**Purchase Agreement**") for the Trustee' sale of the Remnant Assets to Oak Point. A copy of the Purchase Agreement is attached hereto as **Exhibit A**.

12. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

13. The Purchase Agreement provides for a purchase price of $13,500 ("**Purchase Price**") for all Remnant Assets to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate. The Purchase Agreement further provides that the Trustee is selling the Remnant Assets to Oak Point "As Is, Where Is," without any representations or warranties.

14. In accordance with the Purchase Agreement, there are specifically excluded from the Remnant Assets: (a) cash held at the time of the Purchase Agreement in the Trustee's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case shall be Remnant Assets; (b) an account receivable due from Marshall Pierce & Company ("**Marshall Pierce**"), originally in the approximate amount of $30,000, of which $10,000 has already been paid to the Trustee, and $20,000 is the outstanding balance, which balance, pursuant to agreement between the Trustee and Marshall Pierce, is to be paid to the Trustee in two (2) installments of $10,000 each; (c) any returned or undeliverable creditor claim distribution checks pursuant to 11 U.S.C. § 347; (d) any and all Goods[1] (e.g., office furniture) of the Debtor; and (e) the Purchase Price for the Remnant Assets.

15. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets and, as set forth in more detail below, represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

{Client/086384/1/02397042.DOCX;2 }    4

receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

### The Trustee's Private Sale of the Remnant Assets is Warranted

16. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

17. A private sale of a bankruptcy estate's assets is specifically authorized under the Bankruptcy Code and the Bankruptcy Rules. Bankruptcy Rule 6004(f) provides that "all sales not in the ordinary course of business may be by private sale or public auction." It is within the discretion of the court to determine whether to approve or disapprove of a method for the disposition of property. In re Alves, 52 B.R. 353 (Bankr. D.R.I. 1985; see, generally, In re Stogsdill, 102 B.R. 587 (Bankr. W.D. Tex. 1989).

18. The Trustee submits that a private sale of the Remnant Assets to Oak Point is eminently reasonable under the circumstances.

19. For one, the Trustee already has conducted the functional equivalent of an auction sale for the Remnant Assets. In this regard, the Trustee reached out to three (3) separate reputable companies, which are known to be in the business of purchasing remnant assets of bankruptcy estates, in order to solicit offers from each of them for the purchase of the subject Remnant Assets of this Motion. The Trustee then had her undersigned counsel negotiate with each of those three (3) companies with respect to their respective offers. The back-and-forth negotiations with each of them ultimately resulted in Oak Point making the highest offer of $13,500.

20. Second, the cost to the estate of conducting a public auction of the Remnant Assets, with the

{Client/086384/1/02397042.DOCX;2 }    5

attendant requisite advertising, additional motion papers, and other time and expense that would be incurred, would render such a procedure economically unfeasible, given the relatively small dollar amount that remnant asset sales, such as the proposed one in this case, yield.

21.     Accordingly, the Trustee believes that the proposed private sale of the Remnant Assets to Oak Point in accordance with the terms of the Purchase Agreement is eminently reasonable, and serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate.  Accordingly, the sale to Oak Point should be approved as requested.

### Additional Authority for the Requested Relief

22.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

23.     To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale

price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

24. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

25. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances, and is in the best interests of creditors of the Debtor's Estate. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, beyond the assets specifically identified herein, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would realize only nominal, if any, benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Oak Point.

26. Moreover, based on the foregoing, Oak Point should be deemed a good faith

purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

27. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

  a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

  b. Such entity consents;

  c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

  d. Such interest is in bona fide dispute; or

  e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). The Trustee is not aware of any liens, claims, interests or encumbrances affecting the Remnant Assets. Accordingly, the Trustee submits that one or more of the aforementioned conditions of section 363(f) have been satisfied.

### Waiver of Stay of Order

28. To successfully implement the Purchase Agreement, the Trustee also seeks a

waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

### Notice

29.     Concurrently with the filing of the Motion, copies of these Motion papers is being served upon: (a) the Debtor's counsel; (b) the United States Trustee; (c) all parties listed as creditors on the Debtor's schedules and/or who have filed proofs of claim in this case; (d) all parties that have filed requests for service in this case; (e) the affiliates of the Debtor as reflected on the schedules, as well as the Liquidator of the Debtor's parent company in Switzerland; and (f) Oak Point. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate and that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests entry of an order, in the form annexed hereto as **Exhibit B**, authorizing the sale of the Remnant Assets to Oak Point pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated:  May 28, 2021
        New York, New York

TARTER KRINSKY & DROGIN LLP

/s/ Robert A. Wolf
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
1350 Broadway, 11th Floor
New York, NY 10018
Telephone: (212) 216-8000
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

*Counsel to Deborah J. Piazza,
Chapter 7 Trustee*

# EXHIBIT A

{Client/000999/AD101/02395543.DOCX;1 }

## REMNANT ASSET PURCHASE AGREEMENT

**THIS REMNANT ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of May 25, 2021, is by and between **DEBORAH J. PIAZZA, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of DE GRISOGONO U.S.A. INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on or about February 10, 2020, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("Court"), assigned Case No. 20-10389; and

**WHEREAS**, on or about February 11, 2020, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"), except as excluded below; and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case shall be Remnant Assets; (b) an account receivable due from Marshall Pierce & Company ("Marshall Pierce"), originally in the approximate amount of $30,000, of which $10,000 has already been paid to the Trustee, and $20,000 is the outstanding balance, which balance, pursuant to agreement between the Trustee and Marshall Pierce, is to be paid to the Trustee in two (2) installments of $10,000 each; (c) any returned or undeliverable creditor claim distribution checks pursuant to 11 U.S.C. § 347; (d) any and all Goods[1] (e.g., office furniture) of the Debtor; and (e) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, the Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Thirteen Thousand Five Hundred and No/100 Dollars ($13,500.00) payable within three (3) business days of : (a) the date upon which the Court enters an order approving this Agreement (an "Approval Order"), which Approval Order contains a provision waiving the 14-day stay set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or (b) in the event the Approval Order does not contain a waiver of said provision, then the date upon which the Approval Order becomes a Final Order.  As used herein, the term "Final Order" means an Approval Order that has been duly entered on the docket of the Court, and the time for any party in interest to seek to appeal it or reargue it has expired without a notice of appeal or motion for permission to appeal having been filed or reargument having been sought, or, in the event any of such

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

{Client/086384/1/02396943.DOCX;2 }           1

events have occurred, such reargument, if any, has been denied, all appeals taken have been finally resolved, and the time to take any further appeals, file a motion for further permission to appeal, or seek certiorari has expired without the Approval Order being vacated, reversed or modified.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that, subject to Court approval, Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f), with any such liens, claims, and encumbrances to attach to the proceeds of the sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the

Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

12. **Governing Law.** Except to the extent any of the provisions of the United States Bankruptcy Code may apply, this Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to choice of law principles of the State of New York.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, LLC**

By: _/s/ Eric A. Linn_
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269     Fax (847) 655-2746


**DE GRISOGONO U.S.A. INC. BANKRUPTCY ESTATE**

By: _/s/_
Name: DEBORAH J. PIAZZA
Its: Chapter 7 Trustee

Address: c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, NY 10118
Tel (212) 216-8000     Fax (212) 216-8001

# EXHIBIT B

{Client/000999/AD101/02395543.DOCX;1 }

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                                                    **Chapter 7**

      **DE GRISOGONO U.S.A. INC.,**                         **Case No. 20-10389 (DSJ)**

      **Debtor.**
-----------------------------------------------------------------x

**ORDER APPROVING THE CHAPTER 7 TRUSTEE'S SALE OF REMNANT ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND <u>GRANTING RELATED RELIEF</u>**

Upon the Motion of Deborah J. Piazza, chapter 7 trustee ("**Trustee**") for the estate of the captioned debtor ("**Debtor**"), requesting the entry of an order approving the sale of the Remnant Assets[1] of the Debtor's Estate to Oak Point Partners, LLC ("**Oak Point**") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004, and related relief ("**Motion**"); and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

{Client/086384/1/02397218.DOCX;2 }

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is GRANTED in its entirety.

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety..

3. The Purchase Agreement is fair and reasonable.

4. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

5. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and encumbrances.

6. The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

7. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

8. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Remnant Assets, and shall vest Oak Point with all of the Trustee's and the Debtor's Estate's right, title and interest in the Remnant Assets and proceeds thereof.

9. In accordance with the terms of the Purchase Agreement, the Trustee's sale and transfer of the Remnant Assets to Oak Point shall be "as is, where is," without any representation or warranties whatsoever, whether express, implied or imposed by law.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Date: _____

                                              **HONORABLE DAVID S. JONES**
                                              **United States Bankruptcy Judge**