**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*
**1350 Broadway, 11th Floor**
**New York, NY 10118**
**Telephone: (212) 216-8000**
**Robert A. Wolf, Esq.**
**Michael Brownstein, Esq.**
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **DE GRISOGONO U.S.A. INC.,** | **Case No. 20-10389 (DSJ)** |
| **Debtor.** | |

-----------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S REPLY TO RESPONSE OF CRANEHILL CAPITAL LLC**
**TO  THE TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF**
**REMNANT ASSETS OF THE DEBTOR'S ESTATE, FREE AND CLEAR OF LIENS,**
**CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO**
**11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

**TO THE HONORABLE DAVID S. JONES,**
**UNITED STATES BANKRUPTCY JUDGE:**

Deborah J. Piazza, chapter 7 trustee ("**Trustee**") for the bankruptcy estate ("**Estate**") of

the captioned debtor ("**Debtor**"), by her Counsel, Tarter Krinsky & Drogin LLC, hereby submits

her Reply to the Response of Cranehill Capital LLC ("**Cranehill**") to the Trustee's motion

requesting the entry of an order approving the sale of the Remnant Assets[1] of the Debtor's Estate

to Oak Point Partners, LLC ("**Oak Point**") free and clear of liens, claims, interests, and

encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and granting related relief (the "**Motion**").

In support of this Reply, the Trustee respectfully states as follows:

---

[1]     Capitalized terms not defined herein shall have the same respective meanings ascribed to them in the
Trustee's previously filed Motion.

1.      As set forth by the Trustee in her previously filed Motion papers, the Trustee conducted the functional equivalent of an auction sale for the Remnant Asserts, reaching out to three (3) separate reputable companies, known to the Trustee to be in the business of purchasing remnant assets of bankruptcy estates, in order to solicit and receive offers from each of them for the purchase of the Remnant Assets involved in this case.  The Trustee then directed her Counsel to negotiate with each of those three (3) companies as to their respective purchase offers.  At the conclusion of those negotiations, Oak Point ended up making the highest offer of $13,500.00.  Accordingly, the Trustee proceeded on May 28, 2021 to file the instant Motion seeking authorization to sell the Remnant Assets to Oak Point for said $13,500.00 price.

2.      On June 14, 2021, more than two (2) weeks subsequent to the filing of the Motion, the Trustee received an email from one Gregory Mullen, a Manager of Cranehill (which is located in Dallas, Texas), stating that "Cranehill bids $15,000 for the remnant assets in the [Debtor's] case on the same terms as Oak Point has bid."  On the same date, Cranehill emailed to the Trustee a copy of its Response setting forth its $15,000 offer, and then efiled the Response on June 21, 2021.

3.      Cranehill is not familiar to the Trustee or her Counsel, is not represented by an attorney in connection with its Response, and its purported bid is only $1,500 more than the $13,500.00 purchase price provided for Purchase Agreement between the Trustee and Oak Point that is the subject of the instant Motion.  The considerable expense that would be incurred by the Trustee and her Counsel in having to engage in due diligence to verify the bona fides of Cranehill and of its bid, in having to conduct an auction, as Cranehill's Response implicitly suggests, for a set of assets of relatively small value, and in having to prepare and arrange for execution of a new purchase agreement, would well exceed the mere $1,500 increase that

Cranehill purports to offer for the Remnant Assets and well outweigh any benefit to the estate.

Accordingly, the Trustee, in the reasonable exercise of her business judgment, has determined

that it does not make economic or practical sense for her to accept at this late juncture on behalf

of the estate Cranehill's purported $15,000 bid.[2]


WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale

of the Remnant Assets to Oak Point pursuant to the terms of the Purchase Agreement, waiving

the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief

as this Court deems just and proper.


Dated:   June 24, 2021
         New York, New York

**TARTER KRINSKY & DROGIN LLP**

/s/ Robert A. Wolf
Robert A. Wolf, Esq.
Michael Brownstein, Esq.
1350 Broadway, 11th Floor
New York, NY 10018
Telephone: (212) 216-8000
rwolf@tarterkrinsky.com
mbrownstein@tarterkrinsky.com

*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

---

[2]     On June 2, 2021, subsequent to the filing of the Motion, Counsel for the Trustee received an email from an attorney indicating that an investment affiliate was prepared to pay $15,000 for the remnant assets.  However, neither that attorney nor the "investment affiliate" ever followed up on that purported offer, and for the same reasons set forth above with respect to Cranehill's offer, the Trustee decided, in the reasonable exercise of her business judgment, not to follow up with that attorney.  .