HEARING DATE: AUGUST 12, 2021
HEARING TIME: 10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                      Chapter 7

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,               Case No. 20-10389 (DSJ)

                      Debtor.
-------------------------------------------------------------x

**NOTICE OF HEARING ON TRUSTEE'S OBJECTION
TO CLAIM NO. 10 FILED BY NEW YORK STATE DEPARTMENT OF
<u>TAXATION AND FINANCE</u>**

**PLEASE TAKE NOTICE**, that upon the *Trustee's Objection to Claim No. 10 Filed By New York State Department of Taxation and Finance* (the "<u>Objection</u>"), Deborah J. Piazza, in her capacity as Chapter 7 trustee (the "<u>Trustee</u>") of the estate of de Grisogono U.S.A. Inc., the above-captioned debtor (the "<u>Debtor</u>"), by her counsel Tarter Krinsky & Drogin LLP, will move before the Honorable David S. Jones, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 at a telephonic hearing

to be held on **August 12, 2021 at 10:00 a.m**. (the "Hearing"), for an order pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, reducing Claim No. 10.

**PLEASE TAKE FURTHER NOTICE,** that responses to the Trustee's Objection, if any, shall: (i) be in writing; (ii) conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; (iii) be filed with the Clerk of the Bankruptcy Court with a courtesy copy delivered to the chambers of the Honorable David S. Jones, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004; and (iv) be served upon (a) Michael Z. Brownstein, Esq., Tarter Krinsky & Drogin LLP, attorneys for the Trustee, 1350 Broadway, 11th Floor, New York, NY 10018, and (b) the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Richard C. Morrissey, Esq., so as to be filed and received on or before **August 5, 2021 at 5:00 p.m.** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE,** a written response to the Objection is only required in the event you oppose the Trustee's request to reduce Claim No. 10.  If there are no written responses to the Objection on or before the Response Deadline, the Bankruptcy Court may grant the relief the Trustee has requested without a hearing and without further notice.

**PLEASE TAKE FURTHER NOTICE,** that the Hearing will be held telephonically via Court Solutions.  Participants may sign up or register at www.court-solutions.com. The Hearing

may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
      July 6, 2021

                          **TARTER KRINSKY & DROGIN LLP**
                          *Counsel to Deborah J. Piazza,*
                          *Chapter 7 Trustee*

                          By:   s/ Michael Z. Brownstein
                             Scott S. Markowitz, Esq.
                             Deborah J. Piazza, Esq.
                             Robert A. Wolf, Esq.
                             Michael Z. Brownstein, Esq.
                             1350 Broadway, 11th Floor
                             New York, New York 10018
                             (212) 216-8000
                             smarkowitz@tarterkrinsky.com
                             dpiazza@tarterkrinsky.com
                             rwolf@tarterkrinsky.com
                             mbrownstein@tarterkrinsky.com

                                          **HEARING DATE: AUGUST 12, 2021**
                                          **HEARING TIME:  10:00 A.M.**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                                        Chapter 7

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,                    Case No. 20-10389 (DSJ)

                                  Debtor.
------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM
OF THE NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE (CLAIM NO. 10)**

**TO:    THE HONORABLE DAVID S. JONES
         UNITED STATES BANKRUPTCY JUDGE**

        Deborah J. Piazza, chapter 7 trustee (the "Trustee") of the estate of de Grisogono U.S.A. Inc. (the "Debtor"), the above-captioned debtor, by her counsel, Tarter Krinsky & Drogin LLP ("TKD"), hereby submits her objection to claim (the "Objection"), pursuant to which the Trustee seeks an order under section 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), reducing claim no. 10  (the "Claim") filed by the New York State Department of Taxation and Finance

("NYS") from the sum of $147,250.01 to the sum of $26,442.97. In support of this Objection, the Trustee respectfully sets forth and represents:

## JURISDICTION

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§157(a) and (b), 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984. The statutory predicates for the relief sought herein are Bankruptcy Code section 502 and Bankruptcy Rule 3007(c).

2. Venue of this proceeding and this Objection is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. GENERAL

3. On February 10, 2020 (the "Filing Date"), the Debtor filed the above-captioned case (the "Debtor's Case") under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

4. Shortly thereafter, Deborah J. Piazza was appointed as interim chapter 7 trustee of the estate. She subsequently became permanent Trustee pursuant to Section 702(d) of the Bankruptcy Code and by operation of law is currently acting in such capacity.

5. From approximately March 2017 through the end of January 2020, the Debtor operated a retail jewelry store at 698-700 Madison Avenue, New York, New York. The Debtor was known for its high-end jewelry and the unique design and quality of its products..

### B. THE CLAIM

6.  NYS filed the Claim against the Debtor's estate as a priority claim in the amount of $147,250.01. (A copy of the claim is annexed hereto, as **Exhibit 1**).

### RELIEF REQUESTED

7.  By this Objection, the Trustee objects to the Claim insofar as it is incorrect and should be reduced to the amount of $26,442.97 and allowed as a priority claim in this case in the reduced amount.

### BASIS FOR RELIEF

8.  This Objection is made pursuant to Section 502 of the Bankruptcy Code which provides, in relevant part, as follows:

> (a) A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest…objects.
>
> (b) …if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured [.]

11 U.S.C. § 502(a), (b)(1).

9.  By this Objection and pursuant to section 502(b)(1) of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007, the Trustee hereby seeks (i) to reduce the Claim as set forth in this Objection, and (ii) such other and further relief as the Court deems appropriate.

### APPLICABLE LAW AND FACTS

10. NYS filed the Claim in the amount $147,250.01 for estimated unpaid sales taxes for periods both pre and post the date of the filing of the Debtor's petition. Plotzker & Agarwal CPA ("PACPA"), the accountants that have been retained by the Trustee in this case, has been in

communication with NYS and has filed appropriate tax returns for the relevant periods compiled from the Debtor's books and records which reflects an obligation due and owing to NYS of only $26,442.97. Although PACPA contacted NYS in September of 2020, and again in June 2021, NYS has not to date, to the best of the Trustee's knowledge taken any material action to resolve the Claim. Although NYS has advised PACPA that it will review the relevant documents during July of 2021, the Trustee needs to dispose of this Claim insofar as it is the only real impediment to closing this estate and making a final distribution to creditors.

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

12. Correctly filed proofs of claim "constitute [ ] prima facie evidence of the validity [and amount] of the claim. To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. BAP 2000) (internal citations omitted); see also In re Vivaro Corp., 541 B.R. 144, 153–54 (Bankr. S.D.N.Y. 2015). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." Creamer v. Motors Liquidation Co. GUC Tr. (In re Motors Liquidation Co.), No. 12 Civ. 6074(RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); see also Vivaro Corp., 541 B.R. at 154.

13. Section 502(b)(1) disallows any claim that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). This provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy. Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 450–51, 127 S. Ct. 1199, 1204–05, 167 L. Ed. 2d 178 (2007)(citing 4 Collier ¶ 502.03[2] [b], at 502–22 (explaining that § 502(b)(1) is generally understood to "make available to the trustee any defense" available to the debtor "under applicable nonbankruptcy law"—i.e., any defense that the debtor "could have interposed, absent bankruptcy, in a suit on the [same substantive] claim by the creditor")).

14. As set forth above, the Claim should be reduced to the sum of $26,442.97 and allowed as a priority claim in this case in said reduced amount. The Trustee, upon information and belief, submits that the tax returns and other financial information delivered by PACPA to NYS are based upon the Debtor's books and records and are accurate and correct and NYS should amend or have its claim reduced to the amount of $26,442.97.

15. The failure of the holder of the Claim to file a written response or appear at the hearing on the Objection to the Claim may result in the Court entering an order expunging the Claims.

16. The Trustee reserves her right to make any future objections to the Claim and to any other proofs of claim filed in the Debtor's case on the grounds set forth herein and/or on any other appropriate grounds.

## **NOTICE**

18. The Trustee is serving a copy of this Objection upon (i) New York State Department of Taxation & Finance at Bankruptcy Section, P.O. Box 5300, Albany, New York 12205-0300 which is the address designated in the Claim, (ii) the Debtor; and (iii) the Office of the United States Trustee. The Trustee submits that such notice is proper and that no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that this Court (i) enter an order substantially in the form annexed hereto as **Exhibit 2,** expunging the Claim, and (ii) granting the Trustee such other and further relief as is just.

Dated: New York, New York
July 6, 2021

                                            **TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza,*
*Chapter 7 Trustee*

By:  s/ Michael Z. Brownstein
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Robert A. Wolf, Esq.
Michael Z. Brownstein, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
rwolf@tarterrkinsky.com
mbrownstein@tarterkrinsky.com

**EXHIBIT 1**

**New York State Department of**
**Taxation and Finance**

Bankruptcy Section
P O Box 5300
Albany NY 12205-0300

(518) 457-3160

Statement date: 6/23/2020

Case number: 20-10389 SMB
Refer to this number for inquiries

Total claim amount: $147,250.01

Taxpayer ID#: B-13-4152668-1

## Pre-Petition Proof of Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN, ROOM 631
NEW YORK, NY 10004-1408

This is a statement of tax liabilities for DE GRISOGONO U.S.A. INC.. Penalty and interest for each liability is computed to 2/10/2020.

### Unsecured Priority Liabilities

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| SALES | 02/29/20 | L-051571399-6 | 147,250.01 | 0.00 | 0.00 | 147,250.01 | EST |
| | | | | | Total $ | 147,250.01 | |

Current Annual Interest Rates by Tax Type: Sales and Use - 14.5%
Liability Type Descriptions: EST - Estimated (No Return Filed)

*[signature: David M...]*

TC-988 (10/00)        200618230045003725

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

de GRISOGONO U.S.A. INC.
*dba* de Grisogono USA, Inc.,

                            Debtor.

-------------------------------------------------------------x

Chapter 7

Case No. 20-10389 (DSJ)

## ORDER SUBORDINATING CLAIM NO. 10 FILED BY NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

Upon the Trustee's Objection to Claim No. 10 ("Claim No. 10") filed by the New York State Department of Taxation and Finance ("NYS") filed on July 6, 2021 [ECF No. _____] (the "Objection"), seeking to reduce Claim No. 10 filed in the Debtor's case by NYS from the amount of $147,250.01 to the amount of $26,442.97; and the Court having considered the Trustee's Objection; and the Court having conducted a hearing on the Objection on August 12, 2021; and good cause having been shown for the relief provided herein; and upon all papers and proceedings having been had herein; and upon the record of the hearing, and after hearing counsel for the Trustee in support of the Objection; it is hereby:

**ORDERED**, that Claim No. 10 filed by NYS in this case is hereby reduced to the amount of $26,447.97 and allowed as a priority claim in the reduced amount of $26,447.97 (the "Reduced Allowed Claim"); and it is further

**ORDERDED**, that the Reduced Allowed Claim of NYS shall be paid in this case in accordance with the priorities established under the Bankruptcy Code.

Dated: New York, New York
        August _____, 2021

                                                          THE HONORABLE DAVID S. JONES
                                                          UNITED STATES BANKRUPTCY JUDGE